02/06/2019 01:16:04 PM
81357-1

# COMMONWEALTH OF KENTUCKY
## FAYETTE CIRCUIT COURT
### DIVISION _____
### CIVIL ACTION NO.

## *FILED ELECTRONICALLY*

**JENNIFER CAROL MARSHALL,**                                    **PLAINTIFFS**
**INDIVIDUALLY AND AS EXECUTRIX OF**
**THE ESTATE OF KENNETH MARSHALL**

**v.**                          **COMPLAINT**

**RMH FRANCHISE HOLDINGS, INC.**                               **DEFENDANTS**
<u>Serve:</u>  Registered Agent
        CT Corporation System
        306 W. Main Street, Suite 512
        Frankfort, Kentucky 40601

**FAYETTE PLACE IMPROVEMENTS OWNER LLC**
<u>Serve:</u>  Registered Agent
        National Registered Agents, Inc.
        306 W. Main Street, Suite 512
        Frankfort, Kentucky 40601

**RMH FRANCHISE CORPORATION**
<u>Serve:</u>  Registered Agent
        CT Corporation System
        306 W. Main Street, Suite 512
        Frankfort, Kentucky 40601

* * * * * * * * * * * *

Come the Plaintiffs, Jennifer Carol Marshall, individually and as Executrix of the Estate of

Kenneth Marshall, by counsel, and for her Complaint and causes of action against the Defendants,

RMH Franchise Holdings, Inc., Fayette Place Improvements Owner, LLC, and  RMH Franchise

Corporation (collectively, "Defendants"), now state as follows:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      The Plaintiff at all relevant times to this Complaint resided in Fayette County,

Kentucky. She was the spouse of Kenneth Marshall, deceased, and she was appointed Executrix



02/06/2019 01:16:04 PM
81357-1

of the Estate of Kenneth Marshall on August 10, 2018, by order entered in the Probate Division of the Fayette District Court, Action No. 18-P-1209.

2.      The Defendant, RMH Franchise Holdings, Inc., at all relevant times to this Complaint, was a foreign corporation that is active and in good standing, is registered with the Kentucky Secretary of State and is authorized to do business in the Commonwealth of Kentucky. This defendant may be served by delivery of a copy of the Complaint and the summons issued herein to its agent for service of process, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

3.      The Defendant, Fayette Place Improvements Owner LLC, at all relevant times to this Complaint, was a foreign limited liability company that is active and in good standing, is registered with the Kentucky Secretary of State and is authorized to do business in the Commonwealth of Kentucky. This defendant may be served by delivery of a copy of the Complaint and the summons issued herein to its agent for service of process, National Registered Agents, Inc., 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

4.      The Defendant, RMH Franchise Corporation, at all relevant times to this Complaint, was a foreign corporation that is active and in good standing, is registered with the Kentucky Secretary of State and is authorized to do business in the Commonwealth of Kentucky. This defendant may be served by delivery of a copy of the Complaint and the summons issued herein to its agent for service of process, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

5.      At all times relevant to the claims set forth herein, Defendants owned, operated, managed or controlled the restaurant ("Applebee's") and/or the property located at 4009 Nicholasville Road, Lexington, Kentucky 40503 (the "Premises").

02/06/2019 01:16:04 PM
81357-1

6.      Mrs. Marshall and her husband, Mr. Marshall, were business invitees of the Premises during the relevant times on which this action is based.

7.      On October 21, 2017, beginning from approximately 6:00 P.M., Mr. and Mrs. Marshall were legally present on the Premises for the purpose of gathering socially with their Sunday School peers.

8.      On October 21, 2017, at approximately 8:00 P.M., Mr. and Mrs. Marshall left the Applebee's.

9.      At the time Mr. and Mrs. Marshall were exiting the Applebee's it was dark outside.

10.     Defendants had artificial lighting inside and outside of the building for the purpose of increasing visibility for business invitees, including Mr. and Mrs. Marshall, as they enter and exit the Applebee's.

11.     However, on October 21, 2017, at the time Mr. and Mrs. Marshall were exiting the Applebee's, not all of the artificial lighting maintained and/or controlled by Defendants was operating.

12.     Due to the absence of adequate lighting, Mr. Marshall was unable to detect a defect in the concrete sidewalk adjacent to the restaurant, which in turn created a tripping hazard, thereby creating an unreasonably dangerous condition on the premises that was unknown to Mr. Marshall and which could not be detected upon reasonable inspection by him.

13.     Mr. Marshall, while exercising due care and caution for his own safety, and while a business invitee of Defendants, tripped and fell to the ground because of the absence of adequate lighting and the presence of a tripping hazard on the Premises.

02/06/2019 01:16:04 PM
81357-1

14.     As a result of Mr. Marshall's fall, he incurred substantial bodily injuries requiring hospitalization, resulting in substantial pain and suffering, almost complete loss of enjoyment of life and which resulted in significant medical expenses.

15.     Mr. Marshall was unable to fully recover from his injuries sustained on the Premises on October 21, 2017, and he died on July 4, 2018.

16.     Mrs. Marshall, at all times relevant to the claims set forth herein, was married to Mr. Marshall, and as result of the bodily injuries sustained by Mr. Marshall, lost the services, comfort, aid, society, and companionship of her husband.

17.     Defendants, RMH Franchise Holdings, Inc and RMH Franchise Holdings, LLC have filed for Chapter 11 Bankruptcy Protection in the United States Bankruptcy Court for the District of Delaware, and the Plaintiffs have been granted modified relief from the automatic stay afforded by the bankruptcy filing as provided for in the attached **Exhibit A**, and this action is proper to proceed in this Court against these defendants consistent with the terms and conditions set out in the attached Exhibit A.

18.     Venue is proper in this Court as the acts giving rise to these claims occurred in Fayette County, Kentucky.

19.     This Court has subject matter jurisdiction over these claims pursuant to KRS 23A.010, as jurisdiction over the subject matter of these claims is not vested in some other court.

## COUNT I
## NEGLIGENCE

20.     Pursuant to CR 10.03, Plaintiff incorporates by reference all previous averments set out herein, and further pleads as follows.

21.     It was the Defendants' duty to exercise reasonable care to protect Plaintiff and Mr. Marshall, by inspection, maintenance, and other affirmative acts, from the danger of reasonably

02/06/2019 01:16:04 PM
81357-1

foreseeable injury occurring from a reasonably foreseeable use of the premises, which duty the Defendants breached.

22.     It was the Defendants' duty to warn invitees, including Plaintiff and Mr. Marshall, of any dangerous and unsafe conditions existing on the premises and/or to protect invitees, including Plaintiff and Mr. Marshall, from such dangers and unsafe conditions, which duty Defendants breached.

23.     Prior to October 21, 2017, Defendants had actual and/or constructive knowledge, or upon reasonable inspection should have had actual and constructive knowledge, that the Premises was in an unreasonably dangerous condition and/or possessed latent defects that were hazardous to other persons on the premises, including Plaintiff and Mr. Marshall, and which were likely to cause harm to other persons on the premises, including Plaintiff and Mr. Marshall.

24.     Despite such actual and/or constructive knowledge, Defendants failed to adequately warn business invitees, including Plaintiff and Mr. Marshall, of such hazards or to alleviate them.

25.     Defendants' failure to take such reasonable actions constitutes negligence and is a breach of its duty to exercise reasonable care to prevent foreseeable injuries.

26.     As a direct and proximate result of Defendants' negligence and breaches of duty to exercise reasonable care to prevent foreseeable injuries, including the injuries and resulting death of Mr. Marshall, Plaintiff and/or Mr. Marshall have incurred substantial medical expenses, have endured substantial pain and suffering, have suffered loss of consortium, and have suffered loss of enjoyment of life, all to their damage in an amount which exceeds the jurisdictional minimums of this Court.

## COUNT II
## LOSS OF CONSORTIUM

27.     Pursuant to CR 10.03, Plaintiff incorporates by reference all previous averments set out herein, and further pleads as follows.

28.     At all times relevant to this action, Plaintiff had a right to services, assistance, aid, society, comfort and companionship between herself and Mr. Marshall as wife and husband.

29.     Mr. Marshall incurred severe and permanent bodily injuries directly resulting from the negligent and wrongful acts of Defendants.

30.     As a result of the severe and permanent bodily injuries Mr. Marshall incurred, he was never able to return to his home and live self-sufficiently.

31.     At all relevant times to this action, Mr. Marshall was unable to provide services, assistance, aid, society, comfort and companionship to Mrs. Marshall.

32.     Mr. Marshall died on July 4, 2018.

33.     As a result of Mr. Marshall's severe and permanent bodily injuries  caused by the negligent and wrongful acts of Defendants, Plaintiff has suffered loss of consortium, and is entitled to compensation in amounts which exceed the jurisdictional minimums of this Court.

## COUNT III
## PUNITIVE DAMAGES

34.     Pursuant to CR 10.03, Plaintiff incorporates by reference all previous averments set out herein, and further pleads as follows.

35.     In breaching their duties to Plaintiff and Mr. Marshall, the Defendants exhibited willful, wanton, and reckless disregard for Plaintiff's and Mr. Marshall's life, safety, and property, and it otherwise exhibited conduct constituting gross negligence. The Defendants' omissions occurred with a flagrant indifference to the rights of Plaintiff and Mr. Marshall and with a

02/06/2019 01:16:04 PM
81357-1

subjective awareness that such conduct would result in bodily harm, as such is defined in KRS 411.184.

36.     Due to the Defendant's conduct in causing severe and permanent bodily injury to Mr. Marshall, Plaintiff is entitled to recover punitive damages, in an amount that exceeds the jurisdictional minimums of this Court, and is at least three times any compensable damages awardable herein.

WHEREFORE, Plaintiffs respectfully demand and pray for relief as follows:

A.     Judgment against Defendants[1], jointly and severally, for compensatory damages in a fair and just amount to be determined at trial, including for medical expenses reasonably and necessarily incurred by Mr. Marshall, a sum for pain and suffering endured by Mr. Marshall as a result of his severe and permanent bodily injuries, a sum for the loss of enjoyment of life endured by Mr. Marshall and for Mrs. Marshall's loss of consortium;

B.     Judgment against the Defendants[2], jointly and severally, for punitive damages;

C.     Plaintiffs' costs incurred herein, including reasonable attorneys' fees;

D.     Post-judgment interest on all amount awarded at the at the legal rate from the date of judgment until paid in full;

E.     A trial by jury on all issues so triable; and

F.     Any other relief to which Plaintiffs may be entitled.

---

[1] As to the RMH Defendants, damages will not be sought over and above the insurance proceeds applicable to these claims, subject to any obligation of the debtors, including any deductible or self-insured retention associated with any applicable policies.

[2] As to the RMH Defendants, damages will not be sought over and above the insurance proceeds applicable to these claims, subject to any obligation of the debtors, including any deductible or self-insured retention associated with any applicable policies.

02/06/2019 01:16:04 PM
81357-1

Respectfully submitted,

McBRAYER, McGINNIS, LESLIE
& KIRKLAND PLLC
201 E. Main Street, Suite 900
Lexington, Kentucky 40507
(859) 231-8780
lmorgan@mmlk.com
dguarnieri@mmlk.com
tnichols@mmlk.com

*/s/ David J. Guarnieri*
LUKE MORGAN
DAVID J. GUARNIERI
TREVOR M. NICHOLS

4814-7133-7592, v. 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RMH FRANCHISE HOLDINGS, INC., *et al.*,[1] | Case No. 18-11092 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No.: 558** |

### ORDER APPROVING STIPULATION
### TO MODIFY THE AUTOMATIC STAY

Upon consideration of the *Motion of Jennifer Carol Marshall Individually and as Executrix of Estate of Kenneth Marshall for Order Approving Stipulation to Modify the Automatic Stay* (the "Motion")[2] and the Stipulation; and the Court having determined that the agreements set forth in the Stipulation are in the best interests of RMH Franchise Holdings, Inc. and its above-captioned affiliated debtors (collectively, the "Debtors"), their estates, their creditors, and all parties in interest; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED as set forth herein.

2.    The Stipulation attached to this Order as **Exhibit 1** is hereby APPROVED in full.

3.    The automatic stay is modified as set forth in the Stipulation.

4.    The automatic stay shall otherwise remain in full effect.

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: RMH Franchise Holdings, Inc. (7150); NuLnk, Inc. (7381); RMH Illinois, LLC (0696); RMH Franchise Corp. (1807); Contex Restaurants, Inc. (0710). The headquarters for the above-captioned Debtors is located at One Concourse Parkway, N.E., Suite 600, Atlanta, GA 30328.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

#50117822 v3


EXHIBIT
A

     5.    The Court shall retain jurisdiction to resolve any dispute arising from or

related to this Order or the Stipulation.

     6.    The Order and Stipulation shall become effective immediately upon entry

of this Order.

Dated: October 9, 2018
       Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

#50117822 v3

-2-

# EXHIBIT 1

#50117822 v3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| In re: | Chapter 11 |
|---|---|
| RMH FRANCHISE HOLDINGS, INC., *et al.*,[1] | Case No. 18-11092 (BLS) |
| Debtors. | (Jointly Administered) |

## STIPULATION TO MODIFY THE AUTOMATIC STAY

RMH Franchise Holdings, Inc. and its above-captioned affiliated debtors (collectively, the "Debtors") and Jennifer Carol Marshall Individually and as Executrix of Estate of Kenneth Marshall (the "Movant" and together with the Debtors, the "Parties") hereby stipulate and agree (the "Stipulation") as follows:

WHEREAS, on or about October 21, 2017, Mr. Marshall and Ms. Marshall (collectively, the "Marshalls") were visiting the premises situated at 4009 Nicholasville Road, Lexington, Kentucky, which premises is owed by one or more of the Debtors. Mr. Marshall fell forward and hit his face, right shoulder and right knee on a sidewalk that was allegedly negligently monitored, constructed or maintained by the Debtors. Mr. Marshall was allegedly harmed and sustained bodily injuries as a result of the fall.

WHEREAS, at the time of the occurrence, each of the Debtors was an insured entity covered under one or more of the Debtors' liability insurance policies (the "Insurance Policies").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: RMH Franchise Holdings, Inc. (7150); NuLnk, Inc. (7381); RMH Illinois, LLC (0696); RMH Franchise Corp. (1807); Contex Restaurants, Inc. (0710). The headquarters for the above-captioned Debtors is located at One Concourse Parkway, N.E., Suite 600, Atlanta, GA 30328.

#50117822 v3

WHEREAS, on January 18, 2018, counsel to the Marshalls sent a Demand for Notice to Insurance Provides and Litigation Hold letter to the Debtors (the "Demand Letter"). A copy of the Demand Letter is attached to the Proof of Claims (defined below).

WHEREAS, on May 8, 2018 (the "Petition Date"), each of the Debtors commenced a voluntary case under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to manage their businesses and financial affairs as debtors in possession. The chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 for Local Rules the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). An official committee of unsecured creditors (the "Committee") was appointed on May 24, 2018. No request has been made for the appointment of a trustee or an examiner.

WHEREAS, the voluntary petitions in bankruptcy commenced the automatic stay of almost all creditor actions against the Debtors pursuant to 11 U.S.C. § 362.

WHEREAS, on August 14, 2018, Mr. Marshall filed claim 232 against RMH Franchise Holdings, Inc. Moreover, on August 23, 2018, the Movant filed claims 336, 337, 338, 339 and 340 against each of the Debtors (collectively, with claim 232, the "Proof of Claims"). The Proof of Claims assert a contingent unliquidated claim against each Debtor in excess of $1,000,000 on account of the Claims (defined below).

WHEREAS, on September 4, 2018, the Debtors filed that certain (i) *Joint Chapter 11 Plan of RMH Franchise Holdings, Inc. and its Affiliated Debtors* [Docket No. 525] (the "Plan"), and (ii) *Disclosure Statement with Respect to Joint Chapter 11 Plan of RMH Franchise Holdings,*

#50117822 v3

*Inc. and its Affiliated Debtors* [Docket No. 526] (the "Disclosure Statement"). A hearing on the Disclosure Statement is currently scheduled for October 11, 2018.

WHEREAS on September 20, 2018, the Movant filed the *Motion of Jennifer Carol Marshall Individually and as Executrix of Estate of Kenneth Marshall for Order Approving Stipulation to Modify the Automatic Stay* (D.I. No. 558) (the "Motion") pursuant to 11 U.S.C. § 362(d) to modify the automatic stay imposed by section 362(a) of the Bankruptcy Code for the sole purpose of permitting the Movant (i) to prosecute to conclusion, including any appeals therefrom, claims related to the injuries sustained by Kenneth Marshall as a result of a serious fall on October 21, 2017 at a business owned by one or more of the Debtors including claims that the subject fall was a substantial factor in causing Mr. Marshall's death and the claims of Carol Marshall, individually, that were sustained as a direct and proximate result of the subject fall, including but not limited to loss of spousal consortium (the "Claims"); (ii) to liquidate the Claims, and (iii) to seek satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution obtained against one or more of the Debtors solely from the proceeds of the applicable insurance coverage (the "Insurance Proceeds") available to the Debtors under the Insurance Policies that may be applicable to the Claims.

WHEREAS the Debtors have agreed that the automatic stay imposed by 11 U.S.C. § 362(a) should be modified to enable the Movant to pursue damages from the applicable Insurance Policies solely to the extent provided herein.

WHEREAS through their undersigned counsel, the Parties have conferred with each other and engaged in negotiations with respect to the Motion and have resolved the issues set forth therein without the need for further motion practice.

NOW THEREFORE, IN CONSIDERATION OF THE FORGOING PREMISES, THE MUTUAL COVENANTS HEREIN CONTAINED, AND FOR GOOD AND VALUABLE

-3-

#50117822 v3

CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH IS ACKNOWLEDGED BY ALL PARTIES, THE PARTIES HERETO AGREE TO THE FOLLOWING TERMS, SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT:

1.    The automatic stay imposed by 11 U.S.C. § 362(a) shall be, and hereby is, modified solely to the extent necessary to permit the Movant (i) to prosecute to conclusion, including any appeals therefrom, the Claims, (ii) to liquidate the Claims, and (iii) to seek satisfaction of any judgment, award, settlement, claim, distribution, or any other resolution obtained against one or more of the Debtors solely from the proceeds of the Insurance Policies that may be applicable to the Claims.

2.    Subject to the limitations set forth in paragraph 3 below, Movant shall look only to the Debtors' applicable insurers for the satisfaction of the Claims and any judgment based on the Claims. Movant waives the right to satisfaction of, and shall be permanently enjoined from, seeking payment from the Debtors of, any judgment, award, settlement, claim, distribution, or any other payment in excess of the policy limits of any applicable Insurance Policies or any amounts covered by the Debtors' self-insured retention or deductible.

3.    To the extent that the Movant is ultimately entitled to any judgment, award, settlement, claim, distribution or any other payment relating to the Claims, Movant shall hereby be deemed to have waived such entitlement as to the portion of any such judgment, award, settlement, claim, distribution or any other payment that would implicate the Debtors' obligations pursuant to any self-insured retention or deductible in connection with any applicable Insurance Policies.

4.    Movant shall indemnify and hold harmless the Debtors from and against any and all losses, liabilities, claims, damages, amounts paid in settlement, interests, awards,

-4-

#50117822 v3

judgments, costs, or expenses (including reasonable attorneys' fees and expenses) incurred by the Debtors in any manner arising out of or in a way related to any applicable self-insured retention or deductible.

5.    Upon entry of a final order approving this Stipulation, the Proof of Claims shall be deemed disallowed in full with prejudice and Movant be deemed to have waived all rights to file any additional proofs of claim related to the Claims.

6.    This Stipulation and any order approving it are without prejudice to, and shall in no way affect, Movant's rights or ability to seek further relief in the Debtors' chapter 11 cases not related to or in connection with the Claims, and any defenses or rights of the Debtors, all of which are preserved and are in no way affected by the terms of this Stipulation.

7.    Nothing herein is intended or shall be deemed to be a stipulation, agreement, warranty or admission by the Debtors or their estates that (i) the Debtors or their estates are liable to Movant for any amounts at all, or (ii) any causes of action, claims, or damages alleged in connection with the Claims are covered in whole, in part, or at all, under any Insurance Policies.

8.    Nothing herein is intended or shall be construed to alter in any way the rights, duties, obligations, terms, conditions, and provisions under any Insurance Policies that may ultimately be determined to be applicable to the Claims.

9.    This Stipulation constitutes the complete express agreement of the Parties and no modification or amendment to this Stipulation shall be valid unless it is in writing, signed by the Parties, and approved by the Bankruptcy Court.

#50117822 v3

-5-

10.   This Stipulation shall remain binding on the Parties and all of their successors and assigns, including but not limited to any trustee appointed in the Debtors' cases under chapter 11 or chapter 7 of the Bankruptcy Code.

11.   This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

12.   This Stipulation is subject to the approval of the Bankruptcy Court, and the Parties have agreed to submit the Stipulation to the Bankruptcy Court for approval.

13.   This Stipulation shall become effective immediately upon entry of an order approving this Stipulation.

14.   The Parties agree that the Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation of this Stipulation.

STIPULATED and AGREED to this 20th day of September, 2018.

/s/ Evelyn J. Meltzer
Evelyn J. Meltzer (No. 4581)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, Delaware 19801
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

*Counsel for Jennifer Carol Marshall
Individually and as Executrix of Estate of
Kenneth Marshall*

/s/ Jordan E. Sazant
M. Blake Cleary (No. 3614)
Kenneth J. Enos (No. 4544)
Robert F. Poppiti, Jr. (No. 5052)
Jordan E. Sazant (No. 6515)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square, 1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1256

*Counsel for the Debtors and Debtors in Possession
Counsel to the Debtors*

-6-

#50117822 v3

AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1



Case #: **18-CI-03713**
Court:  **CIRCUIT**
County: **FAYETTE**

## CIVIL SUMMONS

---

*Plantiff,* **MARSHALL, JENNIFER CAROL VS. RMH FRANCHISE HOLDINGS, INC.** ,, *Defendant*


TO:  **CT CORPORATION**

   **306 W. MAIN STREET, SUITE 512**

   **FRANKFORT, KY 40601**

Memo: Related party is RMH FRANCHISE HOLDINGS, INC.

The Commonwealth of Kentucky to Defendant:
**RMH FRANCHISE HOLDINGS, INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.



            /s/ Vincent Riggs, Fayette Circuit Clerk
            Date: **10/19/2018**




---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____      _____
                                          Served By

                                          _____
                                          Title

---

Summons ID: @00000826915
CIRCUIT: 18-CI-03713 Certified Mail
MARSHALL, JENNIFER CAROL VS. RMH FRANCHISE HOLDINGS, INC. ,



Page 1 of 1





AOC-E-105   Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1

Case #: **18-CI-03713**
Court:  **CIRCUIT**
County: **FAYETTE**

02/06/2019.01:16:41 PM
81357-1

## CIVIL SUMMONS

*Plaintiff,* **MARSHALL, JENNIFER CAROL VS. RMH FRANCHISE HOLDINGS, INC. ,,** *Defendant*

TO: **NATIONAL REGISTERED AGENTS INC.**

    **306 W. MAIN STREET, SUITE 512**

    **FRANKFORT, KY 40601**

Memo: Related party is FAYETTE PLACE IMPROVEMENTS OWNER LLC

The Commonwealth of Kentucky to Defendant:
**FAYETTE PLACE IMPROVEMENTS OWNER LLC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

        /s/ Vincent Riggs, Fayette Circuit Clerk

        Date: **10/19/2018**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____

                                      Served By

                                        Title

Summons ID: @00000826916
CIRCUIT: 18-CI-03713 Certified Mail
MARSHALL, JENNIFER CAROL VS. RMH FRANCHISE HOLDINGS, INC. ,



*eFiled*



AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

Case #: **18-CI-03713**
Court: **CIRCUIT**
County: **FAYETTE**

## CIVIL SUMMONS

---

*Plantiff,* **MARSHALL, JENNIFER CAROL VS. RMH FRANCHISE HOLDINGS, INC. ,,** *Defendant*

TO:  **CT CORPOPRATION SYSTEM**

  **306 W MAIN STREET SUITE 512**

  **FRANKFORT, KY 40601**

Memo: Related party is RMH FRANCHISE CORPORATION

The Commonwealth of Kentucky to Defendant:
**RMH FRANCHISE CORPORATION**

  You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

  /s/ Vincent Riggs, Fayette Circuit Clerk
  Date: **10/19/2018**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

  Date: _____, 20_____       _____
                                                  Served By

                                       _____
                                                  Title

---

Summons ID: @00000826917
CIRCUIT: 18-CI-03713 Certified Mail
MARSHALL, JENNIFER CAROL VS. RMH FRANCHISE HOLDINGS, INC. ,



Page 1 of 1

eFiled

02/06/2019 01:17:09 PM
81357-1



**Commonwealth of Kentucky**

**Vincent Riggs, Fayette Circuit Clerk**

| | |
|---|---|
| Case #: **18-CI-03713** | Envelope #: **1273879** |
| Received From: **DAVID J   GUARNIERI** | Account Of: **DAVID J   GUARNIERI** |
| Case Title: **MARSHALL, JENNIFER CAROL VS. RMH FRANCHISE HOLDINGS, INC.** | Confirmation Number: **84026951** |
| Filed On: **10/19/2018   4:22:30PM** | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $1.00 |
| 5 | Court Facilities Fee | $25.00 |
| 6 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 7 | Charges For Services(Jury Demand / 12) | $70.00 |
| 8 | Money Collected For Others(Postage) | $37.20 |
| 9 | Charges For Services(Copy - Photocopy) | $5.70 |
| | **TOTAL:** | $333.90 |

02/06/2019 01:17:19 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION
CIVIL ACTION NO. 18-CI-03713
*Filed Electronically*

JENNIFER CAROL MARSHALL,
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL                    PLAINTIFFS


V.                     **ANSWER AND CROSS-CLAIM**


RMH FRANCHISE HOLDINGS, INC.,
FAYETTE PLACE IMPROVEMENTS OWNER LLC,
RMH FRANCHISE CORPORATION                          DEFENDANTS


                           **********


        Comes the Defendant, Fayette Place Improvements Owner LLC, hereinafter "Defendant,"

by and through counsel, and for its Answer to Plaintiff's Complaint, hereby states as follows:

                        **FIRST DEFENSE**

        The Plaintiff's Complaint fails to state a claim against the Defendant upon which the relief

sought may be granted and the same should therefore be dismissed and held for naught.

                        **SECOND DEFENSE**

        1.      The Defendant is without information or knowledge sufficient to form a belief as

to the truth or accuracy of the allegations contained in paragraphs 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 14,

15, 16, 18, 19, 20, 23, 27, 28, 30, 31, 32 and 34 of the Plaintiff's Complaint and, therefore, denies

same.

        2.      The Defendant denies the allegations contained in paragraphs 12, 13, 21, 22, 24,

25, 26, 29, 33, 35 and 36 of the Plaintiff's Complaint.

                              1

02/06/2019 01:17:19 PM
81357-1

3.      The Defendant admits the allegations contained in paragraphs 3 and 17 of the Plaintiff's Complaint.

4.      The Defendant specifically denies all of the allegations contained in the Plaintiff's Complaint not previously admitted herein, including all prayers for relief, all prayers for compensation, and any other item not expressly admitted.

## THIRD DEFENSE

As an affirmative defense, the Defendant specifically pleads that the Plaintiff has failed to mitigate her damages, if any, though the existence of such damages is hereby expressly denied.

## FOURTH DEFENSE

As an affirmative defense, the Defendant specifically pleads that Plaintiff's Complaint fails to name and join in this action all real parties in interest and/or all indispensable, necessary and proper parties.

## FIFTH DEFENSE

As an affirmative defense, the Defendant specifically pleads that Plaintiff's Complaint is barred, in whole or in part, by the provisions of the Tort Reform Act, as contained in Chapter 411 of the Kentucky Revised Statutes

## SIXTH DEFENSE

As an affirmative defense, the Defendant specifically pleads that the injuries and damages alleged in Plaintiff's Complaint were avoidable consequences, since the Plaintiff failed to mitigate or reduce her alleged injuries and damages, if any.

Filed          18-CI-03713     11/14/2018          Vincent Riggs, Fayette Circuit Clerk

02/06/2019 01:17:19 PM
81357-1

## SEVENTH DEFENSE

As an affirmative defense, the Defendant specifically pleads that the Plaintiff has waived the right to assert a claim against it and are, therefore, estopped to do so in this lawsuit.

## EIGHTH DEFENSE

As an affirmative defense, the Defendant states that the Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, and/or the equitable doctrine of laches.

## NINTH DEFENSE

As an affirmative defense, the Defendant specifically pleads that the Plaintiff's Complaint should be dismissed for improper venue.

## TENTH DEFENSE

As an affirmative defense, the Defendant specifically pleads any and all defenses afforded to it by the doctrines of *res ipsa loquitur* or assumption of the risk.

## ELEVENTH DEFENSE

As an affirmative defense, the Defendant specifically pleads that the Defendant did not own, possess or have any right to assert control over the alleged instrumentality and/or condition and/or entity that or whom caused the Plaintiff's alleged fall, and therefore, the Defendant is without fault and relies upon the same as a complete bar to all claims asserted by the Plaintiff in her Complaint.

02/06/2019 01:17:19 PM
81357-1

## TWELFTH DEFENSE

That the injuries and damages alleged by the Plaintiff in her Complaint, if any, which are specifically denied, were caused and brought about by the Plaintiff's own negligence. The Plaintiff's negligence was a substantial factor in bringing about said injuries and damages and, but for this negligence, said injuries and damages, if any, would not and could not have occurred. The Defendant relies upon said negligence on the part of the Plaintiff as a complete bar to her claims in the above styled action or, in the alternative, to reduce the amount of their damages, if any.

## THIRTEENTH DEFENSE

That all of the injuries and damages alleged by the Plaintiff in her Complaint, if any, were caused and brought about by some other individual(s) or entities not presently a party to this suit. Such individual(s) or entities were a substantial factor in bringing about the Plaintiff's alleged injuries and damages and, but for said negligence of such other individual(s) or entities not presently parties to this suit, said injuries and damages, if any, would not and could not have occurred and, therefore, the Defendant is without fault and relies upon same as a complete bar to the claims asserted by the Plaintiff in her Complaint.

## FOURTEENTH DEFENSE

That the injuries and damages alleged by the Plaintiff in her Complaint, if any, were caused and brought about by prior and or subsequent intervening and or superseding causes over which the Defendant has no responsibility or control, or by an unavoidable accident, and by a cause not under the control of the Defendant and, therefore, the Defendant is without fault.

Filed          18-CI-03713    11/14/2018          Vincent Riggs, Fayette Circuit Clerk

02/06/2019 01:17:19 PM
81357-1

### FIFTEENTH DEFENSE

That the injuries and damages alleged by the Plaintiff in her Complaint, if any, which are specifically denied, were caused and brought about by a pre-existing condition or conditions over which the Defendant has absolutely no responsibility or control, and therefore, the Defendant is without fault and relies upon the same as a complete bar to all claims asserted by the Plaintiff in her Complaint.

### SIXTEENTH DEFENSE

Any injuries that the Plaintiff, may have received were caused and brought about by his own negligence due to an open and obvious condition of which he should have reasonably been aware and, therefore, the Defendant is without fault, and relies upon the same as a complete bar to all claims asserted by the Plaintiff in her Complaint.

### SEVENTEENTH DEFENSE

The Defendant affirmatively states that neither it nor any of its employees or lessees or representatives, if any, was negligent nor are they liable to the Plaintiff.

### EIGHTEENTH DEFENSE

The Defendant specifically pleads that the Court does not have jurisdiction over it, due to insufficiency of service of process, lack of jurisdiction over the person and/or failure of proper service of process and/or appropriate return of service of process.

### NINETEENTH DEFENSE

As an affirmative defense, the Defendant specifically pleads the doctrine of accord and satisfaction, and the terms of any release or settlement and/or contractual agreement, entered into

5

02/06/2019 01:17:19 PM
81357-1

by any parties to this action, including any and all contractual agreements of any kind or nature whatsoever that purport to release any claim or claims made against the Defendant, regardless of when said agreement is or was finalized and/or executed, including any and all such agreements that may be executed in favor of the Defendant by any party, at any time, past, present, or in the future.

## TWENTIETH DEFENSE

As an affirmative defense, the Defendant specifically pleads that prejudgment interest cannot be awarded for an unliquidated claim and attorney's fees are not recoverable.

## TWENTY-FIRST DEFENSE

As an affirmative defense, the Defendant states that if any dangerous condition was present on the premises described in the Plaintiff's Complaint, which is specifically denied, then said condition was not discovered by the Defendant, despite its exercise of all reasonable care to discover same, and/or the Defendant gave warning adequate to enable the Plaintiff to avoid harm and/or otherwise protect herself from harm.

## TWENTY-SECOND DEFENSE

As an affirmative defense, the Defendant specifically pleads that the Plaintiff waived her right to assert the claims set forth in her Complaint when the Plaintiff executed the waiver of all claims in exchange for services at the Defendant's premises.

6

02/06/2019 01:17:19 PM
81357-1

### TWENTY-THIRD DEFENSE

Defendant states that all of the injuries and damages alleged in the Plaintiff's Complaint, if any, were caused and/or brought about by the sole, primary, and active negligence of the Plaintiff other persons, companies or parties, without any negligence on the part of the Defendant.

### TWENTY-FOURTH DEFENSE

That the injuries and damages alleged by the Plaintiff in her Complaint, if any there were, which is specifically denied, were caused and brought about by an act of God.

### TWENTY-FIFTH DEFENSE

The claim for punitive damages should be dismissed because any punitive damage award under applicable law, without bifurcating the trial and trying the punitive damage issues if and only if liability was found on the merits, would violate the Defendant's due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

### TWENTY-SIXTH DEFENSE

The claim for punitive damages should be dismissed because a punitive damage award under Kentucky law, which is not subject to a pre-determined limit on the amount of punitive damages that a jury may impose, would violate the Defendant's due process rights as guaranteed by the Constitution of the Commonwealth of Kentucky and it would violate the excessive fines provision of Section 17 of the Constitution of the Commonwealth of Kentucky.

02/06/2019 01:17:19 PM
81357-1

## TWENTY-SEVENTH DEFENSE

The claim for punitive damages should be dismissed because a jury, under applicable law:

1.     Is not provided with sufficient standards of clarity for determining the appropriateness and amount of a punitive damages award;

2.     Is not adequately instructed on the limits of punitive damages imposed by the applicable principals of deterrence and punishment;

3.     Is not expressly prohibited from awarding punitive damages, or determining the amount of a punitive damage award, in whole or in part, on the basis of invidious discriminatory characteristics including the residence and wealth of the Defendant;

4.     Is permitted to award punitive damages under a vague and arbitrary standard that does not sufficiently define the conduct or mental state that makes punitive damages permissible; and

5.     Is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard.

For the foregoing reasons, a punitive damage award would violate the Defendants' due process and equal protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Constitution of the Commonwealth of the State of Kentucky.

## TWENTY-EIGHTH DEFENSE

The claim for punitive damages should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment of the United States Constitution.

Filed        18-CI-03713    11/14/2018        Vincent Riggs, Fayette Circuit Clerk

02/06/2019 01:17:19 PM
81357-1

## TWENTY-NINTH DEFENSE

The claim for punitive damages should be dismissed as being in violation of the Constitution of the Commonwealth of Kentucky, including but not limited to Articles 2, 17 and 26.

## THIRTIETH DEFENSE

The claim for punitive damages is not permitted, under applicable law, without proof of each and every element beyond a reasonable doubt, and, as such, violates the Defendant's due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

## THIRTY-FIRST DEFENSE

The claim for punitive damages should be dismissed because any award of punitive damages, under the law of the Commonwealth of Kentucky, without the same protections accorded to all criminal defendants, including but not limited to, protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, speedy trial and the effective assistance of counsel, would violate the Defendants' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment in Sections 2, 3, 7, 10, 11, 12, 13, 14, 17, and 26 of the Constitution of the Commonwealth of Kentucky.

## THIRTY-SECOND DEFENSE

Defendant give notice that they preserve all rights afforded to them pursuant to CR 12.08 and CR 15 to subsequently amend this Answer and intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserve the right to amend their Answer to assert those defenses.

Filed    18-CI-03713    11/14/2018    Vincent Riggs, Fayette Circuit Clerk

02/06/2019 01:17:19 PM
81357-1

## CROSS-CLAIM

Comes the Defendant/Cross-Claimant, Fayette Place Improvements Owner LLC, by and through counsel, and for its Cross-Claim against the Co-Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation, hereby states as follows:

1. The Plaintiff filed her Complaint on October 19, 2018 against the Defendants, alleging that the Defendants are liable for damages incurred by the Plaintiff.

2. The Defendant/Cross-Claimant, Fayette Place Improvements Owner LLC, denies liability in this matter.  However, to the extent that any liability is found against it, any damages assessed to this Defendant should be the legal responsibility of the Defendants RMH Franchise Holdings, Inc. and RMH Franchise Corporation as they were responsible for the maintenance of the area where the Plaintiff fell.

3. If the Plaintiff sustained damages as a result of the incident, which is specifically denied, those damages arose as a direct and proximate result of the negligent conduct of Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation.

4. If the Plaintiff sustained damages as a result of the incident, which is specifically denied, then said damages, if any, were the direct and proximate result of the superseding, intervening, primary, active or comparative negligence of the Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation, and Fayette Place Improvements Owner LLC should, therefore, be indemnified or reimbursed by the Defendants for the full amount of any judgment returned in favor of the Plaintiff and against the Defendant/Cross-Claimant, Fayette Place Improvements Owner LLC.

10

5.    RMH Franchise Holdings, Inc. and RMH Franchise Corporation also owe a contractual duty to indemnify Fayette Place Improvements Owner LLC pursuant to paragraph 15 of the Lease Agreement between FPC Development Co. (predecessor to Fayette Place Improvements Owner LLC) and Thomas & King, Inc. (predecessor to RMH Franchise Holdings, Inc. and RMH Franchise Corporation) with an effective date of June 1, 1989.  The specific terms of the contractual obligation are as follows:

**15. Indemnification**

...

(a)  TENANT agrees to indemnify LANDLORD and hold it harmless from suits, actions, damages, liability and expense in connection with loss of life, bodily or personal injury for property damage arising from or out of any occurrence at, in , on or from the Demised Premises, by reason of TENANT'S breach under any provision of this Lease, or by reason of any act or omission by TENANT, its agents, employees, invitees or customers;

(b)  In case LANDLORD shall, without fault on its part, be made a party to any litigation commenced by or against TENANT, then TENANT shall protect and hold the LANDLORD harmless and shall pay all costs, expenses and reasonable attorney fees...

6.    Since Plaintiff's damages, if any, were the direct and proximate result of the negligence of the Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation, Defendant/Cross-Claimant, Fayette Place Improvements Owner LLC, should, therefore, be entitled to an apportionment instruction from the Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation, for any of the Plaintiff's alleged damages.

11

02/06/2019 01:17:19 PM
81357-1

WHEREFORE, the Defendant, Fayette Place Improvements Owner LLC, having fully answered the Plaintiff's Complaint, hereby respectfully demands the following relief:

1.    That the Complaint be dismissed and held for naught;

2.    For a trial by jury;

3.    For its costs herein expended, including reasonable attorneys' fees; and

4.    For any and all other relief to which it may appear properly entitled.


Respectfully Submitted,


**PHILLIPS, PARKER, ORBERSON
& ARNETT, P.L.C.**
163 East Main Street, Suite 130
Lexington, Kentucky 40507
Telephone: (859) 559-4457
Facsimile:  (859) 425-4099

BY: */s/Jane C. Higgins*_____
     JANE C. HIGGINS

02/06/2019 01:17:19 PM
81357-1

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, I electronically filed the foregoing with the clerk of the court by using the eFiling system.  I further certify that a true and correct copy of the foregoing has been served, via U.S. mail, postage prepaid, upon the following:


David J. Guarnieri
Luke Morgan
Trevor M. Nichols
McBRAYER, McGINNIS, LESLIE & KIRLKLAND PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
dguarnieri@mmlk.com
lmorgan@mmlk.com
tnichols@mmlk.com
*Counsel for the Plaintiff*

RMH Franchise Corporation
2021 Pine Lake Road
#100
Lincoln, Nebraska  68512

RMH Franchise Holdings, Inc.
2021 Pine Lake Road
#100
Lincoln, Nebraska  68512



*Original to:*

Fayette Circuit Clerk
120 N. Limestone Street
Lexington, Kentucky 40507


*/s/ Jane C. Higgins* _____
JANE C. HIGGINS

13

Filed Case: 5:19-cv-00039-JMH Doc #: 1-1 Filed: 02/07/19 Page: 35 of 136 - Page ID#: 39
02/06/2019 01:17:36 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION FOUR
CIVIL ACTION NO. 18-CI-3713

*FILED ELECTRONICALLY*

JENNIFER CAROL MARSHALL,                                        PLAINTIFF
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL

v.                          **NOTICE OF ELECTION**
                       **OF ELECTRONIC SERVICE**

RMH FRANCHISE HOLDINGS, INC., et al.                    DEFENDANTS

*       *       *       *       *

Come the Plaintiffs, by counsel, and provide notice pursuant to Rule 5.02(2) of the

Kentucky Civil Rules of Procedure, of their election to effectuate and receive service in this action

via electronic means. The following are the electronic notification addresses that counsel for

Plaintiffs designate for service:

lmorgan@mmlk.com
dguarnieri@mmlk.com
tnichols@mmlk.com
dpritchard@mmlk.com

In the event said email addresses are inoperable when an attempt at service is made,

Plaintiff designate the fax number (859) 231-6518 as a temporary alternate electronic notification

address. Documents served via electronically need not be served in paper form.

Please forward copies of all future correspondence, notices and pleadings to the emails

listed above.

Respectfully submitted,

MCBRAYER, MCGINNIS, LESLIE
& KIRKLAND, PLLC
201 E. Main Street, Suite 900
Lexington, KY 40507
(859) 231-8780

*/s/ David J. Guarnieri*
LUKE MORGAN
DAVID J. GUARNIERI
TREVOR M. NICHOLS
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading was filed electronically with the Fayette Circuit Court and copies were served via U.S. mail, postage pre-paid, on the 16th day of November, 2018, upon the following:

Jane C. Higgins, Esq.
Phillips, Parker, Orberson,
& Arnett, P.L.C.
163 E. Main Street, Suite 130
Lexington, KY 40507

RMH Franchise Holdings, Inc.
2021 Pine Lake Road, Suite 100
Lincoln, NE 68512

RMH Franchise Corporation
2021 Pine Lake Road, Suite 100
Lincoln, NE 68512

*/s/ David J. Guarnieri*
DAVID J. GUARNIERI

4822-2369-4208, v. 1

02/06/2019 01:17:54 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION IV
CIVIL ACTION NO. 18-CI-03713
*FILED ELECTRONICALLY*

JENNIFER CAROL MARSHALL,                                    PLAINTIFF
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL

V

RMH FRANCHISE HOLDINGS, INC.                              DEFENDANTS

AND

RMH FRANCHISE CORPORATION

AND

FAYETTE PLACE IMPROVEMENTS OWNER, LLC

---

### ANSWER OF DEFENDANTS RMH FRANCHISE HOLDINGS, INC. and RMH FRANCHISE CORPORATION

---

Come the Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation (referred to collectively as "RMH"), by and through counsel and for its Answer to the Plaintiffs', Jennifer Carol Marshall, Individually and as Executrix of the Estate of Kenneth Marshall, Complaint, state as follows:

### FIRST DEFENSE

That the Plaintiffs' Complaint fails to state a claim or cause of action against this Defendant upon which relief may be granted and therefore said Complaint must be dismissed.

### SECOND DEFENSE

1.      RMH Defendants admit the allegations contained within paragraphs 2, 4, 10, and 17 of the Plaintiffs' Complaint.

1

02/06/2019 01:17:54 PM
81357-1

2.     With regard to Paragraph 5 of the Plaintiffs' Complaint, RMH Defendants admit that they owned, operated, managed or controlled the "Applebee's" but deny the remaining allegations within this paragraph.

3.     RMH Defendants are without sufficient information and/or knowledge to form a belief as to the truthfulness of the allegations contained in numerical Paragraphs 1, 3, 6, 7, 8, 9, 15, 16, 18, 19, 21, 22, 28, 30, 31, and 32 of the Plaintiffs' Complaint and therefore deny said allegations contained within same.

4.     There were no allegations set forth in numerical Paragraphs 20, 27, and 34 of Plaintiffs' Complaint, as Plaintiffs re-alleges and incorporated previous paragraphs and no response is required. To the extent a more definite response may be necessary; RMH Defendants adopt and incorporate by reference all previous responses as if set forth fully herein.

5.     RMH Defendants specifically deny the allegations contained within numerical Paragraphs 11, 12, 13, 14, 23, 24, 25, 26, 29, 33, 35, and 36 of Plaintiffs' Complaint.

### THIRD DEFENSE

That the Plaintiff, Kenneth Marshall was himself negligent on the occasion complained of.  RMH Defendants rely upon said negligence as a complete bar to the Plaintiff's claim herein. In the alternative, RMH Defendants rely upon the Plaintiff's contributory negligence so as to reduce the amount of damages, if any, claimed by the Plaintiff by the percentage of the Plaintiff's own comparative fault.

### FOURTH DEFENSE

That the claims and damages as alleged in the Plaintiffs' Complaint, which are denied, were due to some pre-existing condition or conditions over which RMH Defendants had absolutely no responsibility or control.

02/06/2019 01:17:54 PM
81357-1

### FIFTH DEFENSE

That the claims and damages as alleged in the Plaintiffs' Complaint, which are denied, were the result of the conduct of some third-party or parties for which RMH Defendants had absolutely no responsibility or control.

### SIXTH DEFENSE

That the injuries and damages to which the Plaintiff, Kenneth Marshall, complains were caused and brought about by either a prior or subsequent, superseding and intervening cause over which RMH Defendants had absolutely no responsibility or control, and that by reason thereof, the Plaintiffs are barred from any recovery against this Defendant.

### SEVENTH DEFENSE

That the claims and damages as alleged in the Plaintiffs' Complaint, which are denied, were not caused or brought about by the incident referred to in the Plaintiffs' Complaint but instead were caused by and/or the result of matters completely unrelated to the incident that is the subject of this action. Additionally, the Plaintiffs have failed to mitigate their claimed damages, which are denied.

### EIGHTH DEFENSE

That in the alternative, if there was a hazardous condition upon the property where the Plaintiff allegedly fell, which is specifically denied, then said condition was open and obvious to the Plaintiff and/or the Plaintiff was specifically warned of the same and/or he knew of the same and therefore RMH Defendants are without fault in this action.

3

02/06/2019 01:17:54 PM
81357-1

**NINTH DEFENSE**

That the Plaintiffs have failed to name all indispensable and necessary parties for proper adjudication of this action. Therefore, their Complaint should be dismissed pursuant to Civil Rule 19.

**TENTH DEFENSE**

That the Plaintiffs' claims for punitive damages should be dismissed because any punitive damage award under Kentucky law, without bifurcating the trial and trying the punitive damage issues if and only if liability was found on the merits, would violate RMH Defendants' due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

**ELEVENTH DEFENSE**

That the Plaintiffs' claims for punitive damages should be dismissed because a punitive damage award under Kentucky law, which is not subject to a pre-determined limit on the amount of punitive damages that a jury may impose, would violate RMH Defendants due process rights as guaranteed by the Constitution of the Commonwealth of Kentucky and it would violate the excessive fines provision of Section 17 of the Constitution of the Commonwealth of Kentucky.

**TWELFTH DEFENSE**

That the Plaintiffs' claims for punitive damages should be dismissed because a jury, under Kentucky law:

1. Is not provided with sufficient standards of clarity for determining the appropriateness and amount of a punitive damages award;

2. Is not adequately instructed on the limits of punitive damages imposed by the applicable principals of deterrence and punishment;

4

02/06/2019 01:17:54 PM
81357-1

3.    Is not expressly prohibited from awarding punitive damages, or determining the amount of a punitive damage award, in whole or in part, on the basis of invidious discriminatory characteristics including the residence and wealth of the Defendants;

4.    Is permitted to award punitive damages under a vague and arbitrary standard that does not sufficiently define the conduct or mental state that makes punitive damages permissible; and

5.    Is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard.

For the foregoing reasons, a punitive damage award would violate RMH Defendants due process and equal protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Constitution of the Commonwealth of the State of Kentucky.

## THIRTEENTH DEFENSE

That the Plaintiffs' claims for punitive damages should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment of the United States Constitution.

## FOURTEENTH DEFENSE

That the Plaintiffs' claims for punitive damages should be dismissed as being in violation of the Constitution of the Commonwealth of Kentucky, including but not limited to Articles 2, 17 and 26.

## FIFTEENTH DEFENSE

That the Plaintiffs' claims for punitive damages is not permitted, under Kentucky law, without proof of each and every element beyond a reasonable doubt, and, as such, violates RMH Defendants' due process rights as guaranteed by the Fourteenth Amendment of the United States

5

02/06/2019 01:17:54 PM
81357-1

Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

## SIXTEENTH DEFENSE

That the Plaintiffs' claims for punitive damages should be dismissed because any award of punitive damages, under the law of the Commonwealth of Kentucky, without the same protections accorded to all criminal defendants, including but not limited to, protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, speedy trial and the effective assistance of counsel, would violate RMH Defendants' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment in Sections 2, 3, 7, 10, 11, 12, 13, 14, 17, and 26 of the Constitution of the Commonwealth of Kentucky.

## SEVENTEENTH DEFENSE

That the Plaintiffs' Complaint fails to satisfy the applicable statute of limitations and therefore, the Complaint should be barred and held for naught.

## EIGHTEENTH DEFENSE

RMH Defendants may have defenses which are not presently known. Therefore, to preserve any such defenses, RMH Defendants incorporate by reference as part of this answer to Plaintiffs' Complaint all those defenses set forth in Civil Rules 8 and 12 of the Kentucky Rules of Civil Procedure, the applicability of same to be determined during discovery. Moreover, RMH Defendants preserve all rights pursuant to Civil Rule 15 of the Kentucky Rules of Civil Procedure to subsequently amend this Answer in order to clarify or add, if necessary, any additional affirmative defenses

6

02/06/2019 01:17:54 PM
81357-1

**WHEREFORE,** the Defendants, RMH Franchise Holdings, Inc. and RMH Franchise

Corporation, by and through counsel, respectfully demands the following relief:

1.      That the Plaintiffs' Complaint be dismissed and held for naught;

2.      For a trial by jury;

3.      For its costs herein expended; and

4.      For any and all other relief to which it may appear properly entitled.

Respectfully submitted,

WARD, HOCKER & THORNTON, PLLC
Vine Center
333 West Vine St., Ste. 1100
Lexington, Kentucky 40507
Phone 859-422-6000

/s/ J. Tucker Willis
GREGG E. THORNTON
J. TUCKER WILLIS
*Counsel for RMH Franchise Holdings, Inc.*
*& RMH Franchise Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been electronically filed
and mailed via US Regular Mail to the following:

Luke Morgan
David J. Guarnieri
Trevor M. Nichols
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 E. Main St., Suite 900
Lexington, KY 40507
*Counsel for Plaintiffs*

Jane C. Higgins
Phillips, Parker, Orberson & Arnett, P.L.C.
163 East Main Street, Suite 130
Lexington, KY 40507
*Counsel for Defendant, Fayette Place Improvements Owners, LLC*

7

02/06/2019 01:17:54 PM
81357-1

All on this the 28th day of November, 2018.

BY:     /s/J. Tucker Willis_____
        Gregg E. Thornton
        J. Tucker Willis
        *Counsel for Defendants, RMH Franchise Holdings, Inc. &*
        *RMH Franchise Corp.*

G:\CASES\CL\CL6762\Pleadings\RMH Defendants Answer to PLA Complaint.docx

8

02/06/2019 01:18:19 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION IV
CIVIL ACTION NO. 18-CI-03713
*FILED ELECTRONICALLY*

JENNIFER CAROL MARSHALL,                                    PLAINTIFF
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL

V

RMH FRANCHISE HOLDINGS, INC.                               DEFENDANTS

AND

RMH FRANCHISE CORPORATION

AND

FAYETTE PLACE IMPROVEMENTS OWNER, LLC

---

## ANSWER OF DEFENDANTS RMH FRANCHISE HOLDINGS, INC. and RMH TO CO-DEFENDANT, FAYETTE PLACE IMPROVEMENTS OWNER, LLC CROSS-CLAIM

---

Come the Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation (referred to collectively as "RMH"), by and through counsel and for its Answer to co-Defendant, Fayette Place Improvements Owner, LLC's Cross-Claim state as follows:

### FIRST DEFENSE

That Fayette Place Improvements Owner, LLC's cross-claim fails to state a cause of action for which relief may be granted

### SECOND DEFENSE

In response to the allegations contained in the specifically numbered paragraphs in the Cross-Claim, this Defendant states as follows

1. RMH admits that Plaintiffs filed their Complaint on October 19, 2018 against Defendants. However, to the extent that any of the pleadings referenced therein or Fayette Place Improvements Owner, LLC's Cross-Claim attempt to confer liability on the RMH defendants, said allegations are denied.

2. RMH denies the averments within Paragraph 2 of Fayette Place Improvements Owner, LLC Cross-Claim.

3. RMH denies the averments within Paragraph 3 of Fayette Place Improvements Owner, LLC Cross-Claim.

4. The averments in paragraph 4 of Fayette Place Improvements Owner, LLC's Cross-claim call for a legal conclusion for which no responsive pleading is required. However, to the extent a response is deemed required, RMH denies same.

5. The averments in paragraph 5 of Fayette Place Improvements Owner, LLC's Cross-claim call for a legal conclusion for which no responsive pleadings is required. Further the specific terms of the lease agreement speak for themselves. However, to the extent a response is deemed required, RMH denies same.

6. RMH denies the averments within Paragraph 6 of Fayette Place Improvements Owner, LLC's Cross-Claim

## **THIRD DEFENSE**

RMH incorporates by reference all applicable affirmative defenses asserted in its Answer to Plaintiffs' Complaint, as if fully set forth herein.

## **FOURTH DEFENSE**

Fayette Place Improvements Owners, LLC's claims are barred, in whole or in part, by lack of privity and/or limitation of rights, which defenses constitute a complete bar against RMH.

02/06/2019 01:18:19 PM
81357-1

## FIFTH DEFENSE

That all of the claims and damages as alleged in the Cross-Claim, if any, which are specifically denied, are barred by the doctrines of estoppel and/or waiver.

## SIXTH DEFENSE

That all of the claims and damages as alleged in the Cross-Claim, if any, which are specifically denied, were caused and brought about by Plaintiff's negligence and therefore RMH relies upon the same as a complete and/or partial bar to Plaintiffs' claims and the Cross-Claim.

## SEVENTH DEFENSE

That Plaintiffs and the Cross-Claimant have failed to mitigate their damages, if any, which are specifically denied.

## EIGTH DEFENSE

At the time and on the occasions set forth in the Complaint, the Plaintiff and Fayette Place Improvements Owner, LLC were negligent and such negligence was a substantial factor in causing and bringing about the damages of which they complain and but for said contributory/comparative negligence on their part, said damages would not and could not have occurred. RMH relies upon said contributory/comparative negligence as a complete bar to the Plaintiffs' claims and the Cross-Claim or, in the alternative, so as to reduce the amount of damages claimed by the Plaintiffs and the Cross-Claimant in the amount of their own fault.

## NINTH DEFENSE

At the time and on the occasions set forth in the Complaint, the damages of which the Plaintiffs and Cross-Claimants complain were caused and brought about or were the direct and proximate result of the negligence of some third-party and/or parties over whom RMH had neither responsibility nor control and for whose actions this Defendant has no liability thereof,

02/06/2019 01:18:19 PM
81357-1

and, but for said negligence on the part of such third party and/or parties, the damages would not and could not have occurred.  Therefore, RMH is without fault.

## TENTH DEFENSE

The damages of which the Plaintiffs and Cross-Claimant complain were brought about by either a prior or subsequent superseding and/or intervening cause over which RMH had neither responsibility, control, nor knowledge, and by reason thereof, the Plaintiffs and Cross-Claimants are barred from any recovery against RMH.

## ELEVENTH DEFENSE

That all of the damages as alleged in the Cross-Claim, if any, which are specifically denied, were caused and brought about by some third party and/or parties and/or by some superseding and intervening cause and/or were the result of some pre-existing condition or conditions all for which RMH had absolutely no responsibility or control.

## TWELTH DEFENSE

That all or part of the claims and damages as alleged in the Cross-Claim, if any, which are specifically denied, are barred by the applicable statute of limitations.

## THIRTEENTH DEFENSE

That the conditions precedent to the contract referenced in the Cross-Claim have not been met.  RMH relies on same as a complete and/or partial bar to the Cross-Claim.

## FOURTEENTH DEFENSE

RMH relies on and incorporates by reference all terms and conditions as set forth within the contract referenced in the Cross-Claim as a complete and/or partial bar to the Cross-Claim.

02/06/2019 01:18:19 PM
81357-1

**WHEREFORE,** the Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation, by and through counsel, respectfully demands the following relief:

1.  That Fayette Place Improvements Owner, LLC's Cross-Claim be dismissed and held for naught;

2.  For a trial by jury;

3.  For its costs herein expended; and

4.  For any and all other relief to which it may appear properly entitled.

Respectfully submitted,

WARD, HOCKER & THORNTON, PLLC
Vine Center
333 West Vine St., Ste. 1100
Lexington, Kentucky 40507
Phone 859-422-6000

*/s/ J. Tucker Willis*
GREGG E. THORNTON
J. TUCKER WILLIS
*Counsel for RMH Franchise Holdings, Inc.
& RMH Franchise Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been electronically filed and mailed via US Regular Mail to the following:

Luke Morgan
David J. Guarnieri
Trevor M. Nichols
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 E. Main St., Suite 900
Lexington, KY 40507
*Counsel for Plaintiffs*

Jane C. Higgins
Phillips, Parker, Orberson & Arnett, P.L.C.
163 East Main Street, Suite 130
Lexington, KY 40507
*Counsel for Defendant, Fayette Place Improvements Owners, LLC*

All on this the 28th day of November, 2018.

BY:    /s/J. Tucker Willis_____
       Gregg E. Thornton
       J. Tucker Willis
       *Counsel for Defendants, RMH Franchise Holdings, Inc. &*
       *RMH Franchise Corp.*


G:\CASES\CL\CL6762\Pleadings\RMH Answer to Fayette Place Cross Claim.docx

02/06/2019 01:19:05 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION IV
CIVIL ACTION NO. 18-CI-03713
*FILED ELECTRONICALLY*

JENNIFER CAROL MARSHALL,                                    PLAINTIFF
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL

V

RMH FRANCHISE HOLDINGS, INC.                               DEFENDANTS

AND

RMH FRANCHISE CORPORATION

AND

FAYETTE PLACE IMPROVEMENTS OWNER, LLC

---

## ENTRY OF APPEARANCE AND ELECTION OF ELECTRONIC SERVICE

Comes J. Tucker Willis, of the law firm of Ward, Hocker & Thornton, PLLC, 333 West Vine Street, Suite 1100, Lexington, KY 40507, and hereby enters his appearance as counsel for Defendants RMH Franchise Holdings, Inc. and RMH Franchise Corporation.

Pursuant to CR 5.02(2) notice is hereby given of the undersigned's election to receive and effectuate service via electronic means in this matter. Please serve all future pleadings upon the undersigned at tucker.willis@whtlaw.com.

Respectfully submitted,

WARD, HOCKER & THORNTON, PLLC
Vine Center
333 West Vine St., Ste. 1100
Lexington, Kentucky 40507
Phone 859-422-6000

*/s/ J. Tucker Willis*
GREGG E. THORNTON
J. TUCKER WILLIS
*Counsel for RMH Franchise Holdings, Inc.*
*& RMH Franchise Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been electronically filed and mailed via US Regular Mail to the following:

Luke Morgan
David J. Guarnieri
Trevor M. Nichols
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 E. Main St., Suite 900
Lexington, KY 40507
*Counsel for Plaintiffs*

Jane C. Higgins
Phillips, Parker, Orberson & Arnett, P.L.C.
163 East Main Street, Suite 130
Lexington, KY 40507
*Counsel for Defendant, Fayette Place Improvements Owners, LLC*

All on this the 28th day of November, 2018.

BY:     */s/J. Tucker Willis*
        Gregg E. Thornton
        J. Tucker Willis
        *Counsel for Defendants, RMH Franchise Holdings, Inc. &*
        *RMH Franchise Corp.*


G:\CASES\CL\CL6762\Pleadings\Entry of Appearance and Election for Electronic Service.docx

02/06/2019 01:19:25 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION
CIVIL ACTION NO. 18-CI-03713
*Filed Electronically*

JENNIFER CAROL MARSHALL,
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL                    PLAINTIFFS

V.                    **CIVIL RULE 5.06 CERTIFICATION**

RMH FRANCHISE HOLDINGS, INC.,
FAYETTE PLACE IMPROVEMENTS OWNER LLC,
RMH FRANCHISE CORPORATION                    DEFENDANTS

***********

Comes the Defendant, Fayette Place Improvements, LLC by and through counsel, and hereby certifies that they have, pursuant to Rules 33 and 34 of the Kentucky Rules of Civil Procedure, propounded Interrogatories and Requests for Production of Documents upon the Plaintiff, Jennifer Carol Marshall, Individually and as Executrix of the Estate of Kenneth Marshall on this the 30th day of November, 2018.

Respectfully Submitted,

**PHILLIPS, PARKER, ORBERSON
& ARNETT, P.L.C.**
163 East Main Street, Suite 130
Lexington, Kentucky 40507
Telephone: (859) 559-4457
Facsimile: (859) 425-4099

BY: */s/Jane C. Higgins*
JANE C. HIGGINS
SARAH E. NOBLE

Filed                18-CI-03713                11/30/2018        Vincent Riggs, Fayette Circuit Clerk        FINAL DOCUMENT

02/06/2019 01:19:25 PM
81357-1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of November, 2018, I electronically filed the foregoing with the clerk of the court by using the eFiling system.  I further certify that I mailed the foregoing document by first class mail to all non-eFiling participants

David J. Guarnieri
Luke Morgan
Trevor M. Nichols
McBRAYER, McGINNIS, LESLIE & KIRLKLAND PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
dguarnieri@mmlk.com
lmorgan@mmlk.com
tnichols@mmlk.com
dpritchard@mmlk.com
*Counsel for the Plaintiff*

Gregg Thornton
J. Tucker Willis
WARD, HOCKER & THORNTON, PLLC
Vine Center
333 West Vine Street, Suite 1100
Lexington, Kentucky 40507
Tucker.willis@whtlaw.com
*Counsel for RMH Franchise Holdings, Inc. & RMH Franchise Corp.*

*Original to:*

Fayette Circuit Clerk
120 N. Limestone Street
Lexington, Kentucky 40507

*/s/ Jane C. Higgins* _____
JANE C. HIGGINS
SARAH E. NOBLE

NOT ORIGINAL DOCUMENT
02/06/2019 01:19:44 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION IV
CIVIL ACTION NO. 18-CI-03713
*FILED ELECTRONICALLY*

JENNIFER CAROL MARSHALL,                                    PLAINTIFF
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL

V

RMH FRANCHISE HOLDINGS, INC.                               DEFENDANTS

AND

RMH FRANCHISE CORPORATION

AND

FAYETTE PLACE IMPROVEMENTS OWNER, LLC

---

## NOTICE OF SERVICE

---

Comes the Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation, by and

through counsel, and notifies the parties of its service of the following:

- RMH Franchise Holdings, Inc. and RMH Franchise Corporation's First Interrogatories and
  Request for Production of Documents to Jennifer Carol Marshall, Executrix of the Estate of
  Kenneth Marshall, Deceased; and

- RMH Franchise Holdings, Inc. and RMH Franchise Corporation's First Interrogatories and
  Request for Production of Documents to Jennifer Carol Marshall in her individual capacity.

Respectfully submitted,

WARD, HOCKER & THORNTON, PLLC
Vine Center
333 West Vine St., Ste. 1100
Lexington, Kentucky 40507
Phone 859-422-6000

*/s/ J. Tucker Willis*
GREGG E. THORNTON
J. TUCKER WILLIS
*Counsel for RMH Franchise Holdings, Inc.*
*& RMH Franchise Corp.*

02/06/2019 01:19:44 PM
81357-1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been electronically filed and mailed via US Regular Mail to the following:

Luke Morgan
David J. Guarnieri
Trevor M. Nichols
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 E. Main St., Suite 900
Lexington, KY 40507
*Counsel for Plaintiffs*

Jane C. Higgins
Phillips, Parker, Orberson & Arnett, P.L.C.
163 East Main Street, Suite 130
Lexington, KY 40507
*Counsel for Defendant, Fayette Place Improvements Owners, LLC*

All on this the 30th day of November, 2018.

BY:      /s/J. Tucker Willis_____
         Gregg E. Thornton
         J. Tucker Willis
         *Counsel for Defendants, RMH Franchise Holdings, Inc. &*
         *RMH Franchise Corp.*

G:\CASES\CL\CL6762\Pleadings\181129 Notice of Service.docx

02/06/2019 01:20:56 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION
CIVIL ACTION NO. 18-CI-03713
*Filed Electronically*

JENNIFER CAROL MARSHALL,
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL                    PLAINTIFFS

V.                **CIVIL RULE 5.06 CERTIFICATION**

RMH FRANCHISE HOLDINGS, INC.,
FAYETTE PLACE IMPROVEMENTS OWNER LLC,
RMH FRANCHISE CORPORATION                          DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*

Come the Defendant, Fayette Place Improvements, LLC, by counsel, and hereby certifies

that the Defendant has, pursuant to Rule 33 and 34 of the Kentucky Rules of Civil Procedure,

propounded a First Set of Interrogatories and Requests for Production of Documents to the

Defendants, RMH Franchise Holdings, Inc., and RMH Franchise Corporation on this 7th day of

January, 2019.

Respectfully Submitted,

**PHILLIPS, PARKER, ORBERSON
& ARNETT, P.L.C.**
163 East Main Street, Suite 130
Lexington, Kentucky 40507
Telephone: (859) 559-4457
Facsimile: (859) 425-4099

BY: */s/Jane C. Higgins* ___ ___ ___
    JANE C. HIGGINS
    LAUREN CROSBY THOMPSON

02/06/2019 01:20:56 PM
81357-1

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2019, I electronically filed the foregoing with the clerk of the court by using the eFiling system. I further certify that I mailed the foregoing document by first class mail to all non-eFiling participants

David J. Guarnieri
Luke Morgan
Trevor M. Nichols
McBRAYER, McGINNIS, LESLIE & KIRLKLAND PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
dguarnieri@mmlk.com
lmorgan@mmlk.com
tnichols@mmlk.com
dpritchard@mmlk.com
*Counsel for the Plaintiff*

Gregg Thornton
J. Tucker Willis
WARD, HOCKER & THORNTON, PLLC
Vine Center
333 West Vine Street, Suite 1100
Lexington, Kentucky 40507
Tucker.willis@whtlaw.com
*Counsel for RMH Franchise Holdings, Inc. & RMH Franchise Corp.*

*Original to:*

Fayette Circuit Clerk
120 N. Limestone Street
Lexington, Kentucky 40507

/s/ Jane C. Higgins
JANE C. HIGGINS
LAUREN C. THOMPSON

02/06/2019 01:21:13 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
FOURTH DIVISION
CIVIL ACTION NO. 18-CI-03713

***Filed Electronically***

JENNIFER CAROL MARSHALL,                                   PLAINTIFFS
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL

v.                              **NOTICE OF SERVICE**

RMH FRANCHISE HOLDINGS, INC., et al.                       DEFENDANTS

\* \* \* \* \* \* \*

Comes the Plaintiff, Jennifer Carol Marshall, individually and as Executrix of the Estate of

Kenneth Marshall, by and through counsel, and hereby gives the Court and the parties notice of

the service of the following on January 10, 2019:

1.     Plaintiff, Jennifer Carol Marshall, Individually and as Executrix of the Estate of

Kenneth Marshall, Responses to Defendant, Fayette Place Improvement, LLC's First Request for

Production of Documents;

2.     Plaintiff, Jennifer Carol Marshall, as Executrix of the Estate of Kenneth Marshall,

Responses to Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation First

Interrogatories and Requests for Production of Documents; and

3.     Plaintiff, Jennifer Carol Marshall, Individually, Responses to Defendant, RMH

Franchise Holdings, Inc. and RMH Franchise Corporation First Interrogatories and Requests for

Production of Documents.

02/06/2019 01:21:13 PM
81357-1

Respectfully submitted,

MCBRAYER, MCGINNIS, LESLIE
& KIRKLAND, PLLC
201 E. Main Street, Suite 900
Lexington, KY  40507
(859) 231-8780

*/s/ Trevor M. Nichols*
LUKE MORGAN
DAVID J. GUARNIERI
TREVOR M. NICHOLS
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading was filed electronically with the Fayette Circuit Court and copies were served via email and U.S. mail, postage pre-paid, on the 11th day of January, 2019, upon the following:

Jane C. Higgins, Esq.
Sarah E. Noble, Esq.
Phillips, Parker, Orberson & Arnett, PLC
163 E. Main Street, Suite 130
Lexington, KY  40507

Gregg E. Thornton, Esq.
J. Tucker Willis, Esq.
Ward, Hocker & Thornton, PLLC
333 W. Vine Street, Suite 1100
Lexington, KY  40507

*/s/ Trevor M. Nichols*
TREVOR M. NICHOLS

4848-3706-5093, v. 1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
FOURTH DIVISION
CIVIL ACTION NO. 18-CI-03713

JENNIFER CAROL MARSHALL,                                           PLAINTIFFS
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL

v.          **PLAINTIFF'S RESPONSES TO FIRST SET OF REQUESTS**
            **FOR PRODUCTION OF DISCOVERY PROPOUNDED**
            **BY DEFENDANT, FAYETTE PLACE IMPROVEMENTS, LLC**

RMH FRANCHISE HOLDINGS, INC., et al.                               DEFENDANTS

*  *  *  *  *  *  *

Comes the Plaintiff, Jennifer Carol Marshall, individually and as Executrix of the Estate of

Kenneth Marshall, and for her answers to Defendant, Fayette Place Improvements, LLC's

("Fayette Place") Interrogatories and Requests for Production of Documents, hereby states as

follows:

## GENERAL OBJECTIONS

Mrs. Marshall, by counsel, make the following General Objections, which apply to each

of Fayette Place's First Set of Interrogatories and Requests for Production of Documents

("Requests"):

1.      Certain of the Requests are improper in that they call for legal conclusions.

2.      Certain of the Requests are improper in form, *i.e.*, they are overly broad, vague,

confusing, and ambiguous.

3.      To the extent that any part of the Requests calls for the discovery of documents

that are privileged, including, without limitation, confidential attorney-client communications, or

which constitute work product prepared in anticipation of litigation or for trial by Mrs. Marshall

or her representatives, Mrs. Marshall objects to such discovery on ground that such materials are

not within the scope of discovery contemplated by CR 26, 33, and 34. Mrs. Marshall objects to any and all discovery requests to the extent they seek documents or information beyond that expressly permitted by the Rule of Civil Procedure.

       4.    By producing any information in answering the Requests, Mrs. Marshall does not thereby concede the relevant, materiality, or admissibility of such information. Mrs. Marshall reserves all objections as to relevance, authenticity, and materiality. Mrs. Marshall's production of any information in response to the Requests shall neither waive nor prejudice any objections Mrs. Marshall may later assert.

       5.    Mrs. Marshall reserves the right to revise, amend, supplement, and/or correct these Answers and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

       5.    All General Objections apply to each specific Request without reiteration therein. A specific objection to a specific Request that expressly incorporates the substance of a General Objection is not, is not intended to be, and shall not be deemed a waiver of the applicability of any General Objection to that or any other Request.

## INTERROGATORIES

**INTERROGATORY NO. 1:**      Please identify each and every individual participating in the answering of these interrogatories, including his or her full name, date of birth, job title, employment address and telephone number, residential address and telephone number, and Social Security number.

**ANSWER:**

**The person answering these interrogatories is Jennifer Carol Marshall, she was born December 14, 1946. She is retired, but works part-time at Southern Hills Methodist Church in Lexington, Kentucky. Her mailing address is 4104 Plantagenet Drive, Lexington,**

Kentucky, 40513, and she may be contacted only through counsel. Mrs. Marshall's social security number will be provided under cover by separate letter.

**INTERROGATORY NO. 2:**     State Kenneth Marshall's full name, last home address and business address, last temporary address, date of birth, and marital status at the time of his death, including any prior marriages and/or divorces. Your Answer should also include the names, addresses and contact information for any and all individuals living with Kenneth Marshall at the time of his death as well as their relationship to Kenneth Marshall.

**ANSWER:**

Kenneth David Marshall, deceased, lived at 4104 Plantagenet Drive, Lexington, Kentucky, 40513. He was retired from working at the University of Kentucky Post Office, however he continued to work part-time as a crossing guard at his grandson's school, Garden Springs Elementary, in Lexington, Kentucky at the time of his death. He was born July 9, 1945. He lived with and was married to his wife, Carol Marshall, at 4104 Plantagenet Drive, Lexington, Kentucky, 40513. They were married for over 50 years.

**INTERROGATORY NO. 3:**     State the names of any and all relatives by blood or marriage of you or Kenneth Marshall who reside in Fayette County, Kentucky. Your answer should include parents, parents-in-law, grandparents, children, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, uncles, aunts, nephews and nieces, and should include maiden names of any married female relatives.

**ANSWER:**

Kevin David Marshall, son;
Angela Marshall (Rogers), daughter-in-law;
John Marshall, grandson.

Jason Carol Marshall, son;
Venus Marshall (Powell), daughter-in-law;
Michael Marshall, grandson.

**INTERROGATORY NO. 4:** Please state your understanding of how the incident that is the subject matter of this litigation occurred and the basis for this understanding, including but not

limited to a description of any documents relied upon to form this belief, the name, address and phone number of any individuals with whom you or your representative(s) or attorneys have spoken to formulate said understanding.  Your Answer should affirmatively state whether or not you were present at the time of the alleged fall.

**ANSWER**

**Mrs. Marshall states that a description of the incident and surrounding circumstances is set forth in the Complaint herein.**

**Mrs. Marshall further states that her husband tripped and fell, striking his face against the concrete pavement, when he was walking on the sidewalk between the restaurant and parking lot at the Nicholasville Road Applebee's on October 21, 2017. Mrs. Marshall's personal knowledge of the details of the fall is a result of her being present at the time of the fall. Mrs. Marshall has also had an opportunity to review Mrs. Lynne King's sworn statement, and states Mrs. King's recollection of what occurred that evening is consistent with her own recollection.**

**INTERROGATORY NO. 5:**        Please identify each and every individual who has knowledge of discoverable information regarding the incident which allegedly occurred on October 21, 2017, that gives rise to your cause of action, including home and work addresses, telephone numbers, and a brief synopsis of the information known by each.

**ANSWER:**

**To the extent that Interrogatory No. 5 is overly broad and unduly burdensome, it is objectionable. Without waiving any such objection, the following persons may have discoverable information regarding the incident which occurred on October 21, 2017:**

**Lynne King**
**Gene King**
**Address: 4120 Plantagenet Drive, Lexington, Kentucky, 40513**
**Synopsis:** *See* **Sworn Statement of Lynne King**

**Sandy Cloyd**
**Sonny Cloyd**
**Address: 392 Squires Road, Lexington, Kentucky 40515**
**Synopsis: Mr. and Mrs. Cloyd were present at the time of the fall and may have knowledge concerning the site conditions.**

4

Applebee's manager/employees
Address: 4009 Nicholasville Road, Lexington, Kentucky 40502
Telephone: unknown
Synopsis: unknown

**INTERROGATORY NO. 6:**        State separately as to each person identified in the preceding Interrogatory, whether you, or anyone acting on your behalf, have obtained a written statement signed or initialed by such person or any additional record or transcription in any form, whether handwritten, typewritten, reporter's notes, recording device, or otherwise, of any oral statement made by such person.

**ANSWER:**

**Lynne King has provided a sworn statement, attached hereto.**

**INTERROGATORY NO. 7:**        State whether you contend that any person or entity other than the named Defendants caused or contributed to the accident or your alleged injuries.  If so:

>        (a)        Identify each person or entity;

>        (b)        State all facts supporting your contention that each such person or entity caused or contributed to your alleged injuries;

>        (c)        Identify all persons who have knowledge or claim to have knowledge of the facts set forth in sub-part (b) above; and

>        (d)        Identify each writing and its custodian which relates to the facts set forth in sub-part (b) above.

**ANSWER:**

**Mrs. Marshall has not yet identified any person or entity other than the named Defendants that caused or contributed to Mr. Marshall's fall or his injuries or Mrs. Marshall's injuries. Mrs. Marshall reserves the right to amend her Answer to Interrogatory No. 7 upon discovery of new information obtained through the discovery process.**

**INTERROGATORY NO. 8:**   State whether the scene of the accident was inspected by anyone on your behalf.  If so, state when, and by whom each such inspection was had, identify all photographs or videos taken of the scene of the accident, the date each such photograph or video was taken, and the name and address of the photographer or videographer.

**ANSWER:**

**To the extent Interrogatory No. 8 seeks information protected from disclosure by the attorney-client privilege or the work product doctrine pursuant to applicable Kentucky law, it is objectionable. Without waiving any such objection, attorneys for Mrs. Marshall have personally inspected the scene of the accident. Pictures and videos were taken of the scene of the accident by counsel or those acting at counsel's direction. Said pictures and videos were taken in anticipation of litigation and Defendants are capable of obtaining similar investigative photographs and videos without undue hardship.**

**Mrs. Lynn King took photographs on October 21, 2017, contemporaneous with the fall, and said photographs are attached hereto.**

**INTERROGATORY NO. 9:**   Please identify each and every individual you intend upon calling as a witness at the trial of this matter, giving a brief synopsis of the testimony you expect to elicit from each.

**ANSWER:**

**Mrs. Marshall has not yet identified what witnesses she intends to call at trial.**

**However, in the interest of providing full and complete responses, Mrs. Marshall will likely call Mr. Marshall's treating physicians to testify to matters including but not limited to, the injuries sustained by Mr. Marshall from the fall, the scope and course of treatment, pain and suffering, and any other matters or claims relating to Mr. Marshall's injuries sustained as a result of the fall that is within the purview of the expertise of said physicians.**

**INTERROGATORY NO. 10:**   With respect to any and all persons whom you have consulted with or may call as experts to give opinion testimony, medical or otherwise, at the trial of this matter, state the following:

(a)    Their names and business addresses;

(b)    The field or fields in which said witnesses are to be offered as experts;

6

(c)     The substance of the facts to which said witnesses are expected to testify;

(d)     The substance of the opinions to which said witnesses are expected to testify and a summary of the grounds for each opinion;

(e)     Whether the witness will appear live or testify by deposition.

**ANSWER:**

**Mrs. Marshall has not yet identified experts that she will call to provide opinion testimony at trial. Please see her answer to Interrogatory No. 9.**

**INTERROGATORY NO. 11:**     State specifically and in detail how Kenneth Marshall's fall allegedly occurred, describing chronologically the events that occurred leading up to the fall, during the fall, and immediately after the alleged fall.

**ANSWER:**

**A description of the incident and surrounding circumstances is set forth in the Complaint herein. Additionally, Mrs. Marshall states the following:**

**Mr. and Mrs. Marshall were dining with friends from their Sunday School class at the Applebee's on Nicholasville Road on October 21, 2017 around 5:30 pm. The members of the class, approximately 16 people, sat together at a table to eat dinner and fellowship with one another. Neither Mrs. Marshall nor Mr. Marshall consumed alcohol that day, nor were they under the influence of any other substance or drug that would affect their memory or judgment.**

**Around 8:00 pm Mr. and Mrs. Marshall exited the restaurant. It was dark outside and the lighting attached to the property, and nearest to where the fall occurred, was not operating and/or was not in working condition.**

**Mr. Marshall was walking to his car when he tripped and fell. One of his feet got caught on an area of the sidewalk that was uneven, not properly lighted, and in disrepair. Because the area was neither sufficiently lit nor marked to designate the unevenness in the walking path or tripping hazards created by unevenness in the concrete slabs of the sidewalk, Mr. Marshall did not discover and/or appreciate that he was walking over an area of the sidewalk that had become deteriorated and was uneven. As a result, Mr. Marshall caught his foot within a deteriorated section of the walking path between separated, large concrete slabs of the sidewalk, causing his body to be propelled forward, and causing him to land face first against the pavement without an opportunity to brace and/or protect himself. He hit his face, right shoulder, and right knee upon impact. Mr. Marshall was lying face down when members of the group went to assist him immediately after the fall. He was bleeding**

profusely from his face.

Emergency personnel were called to the scene to treat Mr. Marshall and transport him via ambulance to the hospital. Immediately after the fall, Mr. Marshall was turned over and resituated while he waited for emergency personnel to arrive. He was transported to the emergency department at Central Baptist Hospital via ambulance.

**INTERROGATORY NO. 12:**          Immediately after the alleged fall, did Kenneth Marshall, or

anyone on his behalf, report the incident to any employee or representative of the Defendant,

Fayette Place?

If your answer to this interrogatory is "yes", please provide the following information:

(a)      The name of the individual with whom Kenneth Marshall, or the

individual reporting on his behalf, spoke and when you spoke to

such individual;

(b)      Whether the individual provided assistance to Kenneth Marshall

specifically describing any assistance provided; and

(c)      Whether the individual made a written report.

If your answer to this interrogatory is "no", please provide a detailed explanation as to why you

did not report the incident to the Defendant and whether you reported the incident to someone else.

Please also state whether you, Kenneth Marshall, or anyone else on his behalf, reported the incident

to the employees or representatives of any other Defendant.

**ANSWER:**

Mrs. Marshall, immediately after the fall, was without knowledge of Defendant Fayette Place's interest in/relationship with Applebee's and/or the real property located at 4009 Nicholasville Road, Lexington, Kentucky 40503.

A manager/employee of Applebee's became aware of the fall after it occurred and came outside to the scene to provide towels to Mr. Marshall for his injuries and bleeding. It is Mrs. Marshall's belief that an accident report was created, however she did not participate in the completion of such report and does not have possession of such report. Mrs. Marshall does not know the name of the employee/manager who provided towels.

8

**INTERROGATORY NO. 13:**       Immediately after the alleged fall, did Kenneth Marshall, or anyone on his behalf, report the incident to any employee or representative of Applebee's?

If your answer to this interrogatory is "yes", please provide the following information:

(a)     The name of the individual with whom Kenneth Marshall, or the individual reporting on his behalf, spoke and when you spoke to such individual;

(b)     Whether the individual provided assistance to Kenneth Marshall specifically describing any assistance provided; and

(c)     Whether the individual made a written report.

If your answer to this interrogatory is "no", please provide a detailed explanation as to why you did not report the incident to the Defendant and whether you reported the incident to someone else.

**ANSWER:**

**See Answer to Interrogatory number 12. Mrs. Marshall does not know what Applebee's did with this information.**

**INTERROGATORY NO. 14:**       Please describe in detail, including the exact time, date, and place, a description of the following:

a)  the surface area where the alleged fall occurred;

b)  the shoes Kenneth Marshall was wearing at the time of the alleged fall;

c)  the clothes Kenneth Marshall was wearing at the time of the alleged fall;

d)  what Kenneth Marshall was carrying, if anything, at the time of the alleged fall;

e)  what Kenneth Marshall was doing at the time of the alleged fall;

f)  the weather on the day of Kenneth Marshall's alleged fall;

g)  where Kenneth Marshall was looking at the time of the alleged fall; and

h) how the alleged fall occurred.

**ANSWER:**

a) **concrete;**

b) **tennis shoes;**

c) **shorts and a polo t-shirt;**

d) **Mr. Marshall was not carrying anything at the time of the fall;**

e) **Mr. Marshall was walking to his vehicle after saying goodbye to friends near the Applebee's entrance;**

f) **warm, clear, dry, dark;**

g) **Mrs. Marshall is without sufficient knowledge to provide with certainty the direction Mr. Marshall was looking at the time of the fall, however it is her belief that Mr. Marshall was looking straight ahead;**

h) **A description of the incident and surrounding circumstances is set forth in the Complaint herein. Additionally, a description of the incident and surrounding circumstances is set forth in the sworn statement of Lynn King attached hereto. Mrs. Marshall further states that the fall occurred because Defendants failed to properly maintain the area of the sidewalk where her husband tripped. Additionally, the exterior light nearest to the fall was not operating and/or in working condition, thereby diminishing and/or eliminating Mr. Marshall's ability to observe and appreciate the uneven, deteriorated surfaces.**

**Defendants also failed to properly warn patrons such as Mr. Marshall of the trip hazards associated with the condition of that area of the sidewalk. As a consequence of the lack of warning and absence of adequate lighting, Mr. Marshall did not appreciate, nor could have appreciated, that he was about to encounter an uneven surface that posed a trip hazard. As he stepped, his shoe became caught in the depression in the sidewalk, or stubbed the section of the higher section of the sidewalk, and he fell straight forward, landing on his face.**

**INTERROGATORY NO. 15:**     Please state with specificity any and all alleged defects or unreasonably dangerous conditions that you maintain caused or contributed to Kenneth Marshall's fall on October 21, 2017.

**ANSWER:**

**To the extent Interrogatory No. 15 calls for Mrs. Marshall to draw legal conclusions it is objectionable. Without waiving any such objection, the claimed defects and unreasonably dangerous conditions on the premises are provided in the Complaint herein. Additionally, Mrs. Marshall states that the outside lighting meant to illuminate the entry way and walking path to the Applebee's was not working and/or in operating condition and the concrete sidewalk/walkway contained defects causing and/or creating a tripping hazard. The combination of inadequate lighting, an uneven walking path, and lack of warning created an additional unreasonably dangerous condition.**

**INTERROGATORY NO. 16:**      Please state whether Kenneth Marshall was aware or had knowledge of the allegedly unreasonably dangerous condition that is referenced in the preceding Interrogatory prior to the alleged fall of October 21, 2017.  If the answer is "yes," please identify the date, time, recipient and substance of each report Kenneth Marshall made of the alleged defect or danger.

**ANSWER:**

**Mrs. Marshall has no reason to believe that Mr. Marshall had knowledge of the unreasonably dangerous condition.**

**INTERROGATORY NO. 17:**      Please state in detail any and all facts within your knowledge that in any way address the following:

       (a)     The cause of the alleged defect or condition of the property that caused the fall;

       (b)     The length of time the alleged defect or hidden condition existed prior to the fall;

       (c)     The length of time the Defendant, Fayette Place, allegedly had knowledge of the defect or hidden condition.

**ANSWER:**

**To the extent Interrogatory No. 17 calls for information beyond Mrs. Marshall's knowledge, it is objectionable. Without waiving any such objection, Mrs. Marshall states as follows:**

(a) Wear and tear, erosion, and/or settlement of the concrete walking path was a defect and condition of the property that caused the fall. The failure to maintain adequate lighting in the area of the fall was an additional defect and condition of the property that attributed to the fall.

(b) The defects and conditions described in subjection (a) existed long enough for Defendants to become aware of the defects and conditions, or long enough that Defendant should have been aware of the defects and conditions. The type of wear and tear, erosion, and/or settlement of the concrete path is not the type of defect that occurs or becomes present without the passing of an extended period of time.

(c) The length of time Defendant Fayette Place had knowledge, or should have had knowledge, of the defects and conditions is unknown at this time given the infancy of discovery.

**INTERROGATORY NO. 18:**        Please state in detail any and all facts that would indicate that the Defendant, Fayette Place, had knowledge of the alleged defect or condition of the property that caused the alleged fall prior to the fall. Your answer should include, but not be limited to, the following:

(a)     The name, address, and telephone number of each individual who has such knowledge;

(b)     The knowledge and facts known by each such individual; and

(c)     Whether any statements have been taken that in any way address this issue.

**ANSWER:**

To the extent Interrogatory No. 17 calls for disclosure of information beyond Mrs. Marshall's knowledge, it is objectionable. Without waiving any such objection, discovery is ongoing, and Mrs. Marshall does not have knowledge of the contractual arrangements between Defendants or the obligations and/or duties of Defendants pursuant to said contracts. Notwithstanding the foregoing, Defendant Fayette Place either knew of the defects and dangerous conditions of the property, should have known of such defects and conditions, or should have delegated responsibility for eliminating or warning of such defects and conditions.

**INTERROGATORY NO. 19:**        Please describe each injury or other medical condition from

which Kenneth Marshall suffered as a result of the October 21, 2017 incident.  Your answer should include but not be limited to a description of the injury, any injury he had ever previously sustained to any part of his body that you allege was injured as a result of the fall, and a complete description of how these injuries contributed to his death.

**ANSWER:**

**To the extent Interrogatory No. 19 asks what previous injuries sustained by Mr. Marshall were re-injured as a result of the fall, Mrs. Marshall states that no previous injuries were again injured. To the extent that Interrogatory No. 19 requests a description of how these injuries contributed to Mr. Marshall's death, the medical records speak for themselves. Additionally, Ms. Marshall states as follows:**

**As a direct result of the fall, Mr. Marshall suffered injuries which included a subdural hematoma, multiple acute right rib fractures, closed facture of his nasal bone, lacerations to his knee and lip, abrasions to his face, impaired mobility and ability to perform activities of daily living, and impaired functional mobility, balance, gait, and endurance.  These injuries were treated during Mr. Marshall's first inpatient stay at Central Baptist for the period of 10/21/2017 to 10/27/2017. As of 10/27/2017, Mr. Marshall was weak and required maximum assistance of two people for standing and pivoting from his bed to his chair.**

**Upon discharge from Central Baptist on 10/27/2017, Mr. Marshall was transferred to Cardinal Hill for rehabilitation. Over the course of his rehabilitation at Cardinal Hill, his condition worsened, he became progressively more confused, and he was less conversant. Records from Cardinal Hill indicate that his gait and dysfunction with activities of daily living were secondary to the subdermal hematoma. Through this process of treatment, Mr. Marshall was noted to have increased left sided weakness, and his family noted an increase in confusion. These symptoms worsened over the period of 11/4/2017 to 11/5/2017 and led to Cardinal Hill notifying Mr. Marshall's family and calling in a report of symptoms to the Central Baptist Hospital Emergency Department.**

**Mr. Marshall was again admitted to Central Baptist from 11/5/2017 to 11/16/2017 for further evaluation and treatment. A CT scan revealed an edema in his right cerebral hemisphere with midline shift. Further MRIs revealed right to left shifting from his subacute subdural hematoma, which had increased in size since his last stay at Central Baptist. On November 8, 2017 he underwent procedures for craniotomy and evacuation of a right subdural hematoma.**

**Following this discharge, Mr. Marshall was transferred back to Cardinal Hill for rehabilitation therapy, with direction to follow up with the neurology department at Central Baptist within approximately 10 days. However, his period of expected rehabilitation was cut short due to a bowel obstruction and a severe vomiting spell. Mr. Marshall was transferred by ambulance to the emergency department at Central Baptist on 11/20/2017.**

Mr. Marshall's third stay at Central Baptist was from 11/20/2017 to 12/6/2017. He came to the emergency department from Cardinal Health Hospital with complaints of abdominal pain, hematemesis, nausea, and vomiting. A CT scan of the abdomen/pelvis revealed several dilated loops of the mid-small bowel with distention of the stomach, abdominal wall thickening, and stranding of the bowel. Additionally, it was diagnosed that his mental status was significantly altered after his craniotomy operation. An additional CT scan of his head revealed a possible acute or evolving localized area of dead tissue from failure of blood supply on the right side and his left side remained weak since the occurrence of the subdural hematoma. As such, he was taken to the operating room for emergency abdominal exploration, and Mr. Marshall underwent further surgical treatment of a small bowel obstruction. Post-operatively, Mr. Marshall showed depressed mental status, pupillary asymmetry, and left hemiparesis. On 12/6/2017 he was again transferred to rehabilitative treatment. Prior to his 12/6/2017 discharge, it was noted by Timothy L. Coleman, MD that he suspects Mr. Marshall's mental status was the normal waxing and waning of an individual following a traumatic brain injury.

Mr. Marshall's mental status continued to wax and wane as a secondary consequence to the subdural hematoma. He was admitted Select Specialty Hospital – Lexington for the period of 12/6/2017 to 1/10/2018 for further specialized treatment of his critical and complex injuries.

Mr. Marshall never fully recovered from his injuries and was either in the hospital or nursing facility until his death. During this time, he required assistance to eat, he was unable to walk, and his ability to speak was impaired.

Mrs. Marshall is currently requesting supplemental medical records that document Mr. Marshal's treatment from the period of January until his death. These records will further document Mr. Marshall's treatment, injuries, and details as to how his injuries contributed to his death.

**INTERROGATORY NO. 20:**      Please give Kenneth Marshall's complete employment history for the last ten (10) years, including for each employment the name and address of his employer; the name and address of his immediate supervisor; the inclusive dates of the employment; his beginning and ending salary; a general description of his job duties; whether he was a member of any unions; and the reason for termination or change of employment. If he was not employed for any time period during the past ten (10) years, please state the reason why and identify his source(s) of income during these periods of unemployment.

**ANSWER:**

Mr. Marshall retired from working at the University of Kentucky post office in 2000. In this position, Mr. Marshall made approximately $30,000.00 a year. For additional information regarding his employment, Mrs. Marshall has completed your Request for Authorization to Release Mr. Marshall's Employment Records, attached hereto. Mr. Marshall drew interest annually from his pension associated with the postal office in the amount of approximately $8,000.00.

Mr. Marshall worked as a crossing guard at his grandson's elementary school, Garden Springs Elementary, from approximately 2007 to 2016. For additional information regarding his employment, Mrs. Marshall has completed your Request for Authorization to Release Employment Records, attached hereto.

Mr. Marshall received income from an inheritance invested in stocks and bonds held with Hillyard Lyons.

Mr. Marshall received social security payments.

**INTERROGATORY NO. 21:**     Please state the amount which you claim for each item of damages alleged in your Complaint, specifically detailing the calculations you used to arrive at those figures.

**ANSWER:**

At present, medical and billing records in our possession have been provided by Mrs. Marshall and indicate expenses not less than $641,125. However, we are currently requesting supplemental medical and billing records for the period from the date of the fall to the time of Mr. Marshall's death. We will supplement the amount claimed for medical expenses upon receipt and in accordance with any pretrial Orders of this Court.

The jury will determine what amounts are warranted for Mr. Marshall's pain and suffering and the loss of consortium, but Mrs. Marshall will request at least one million dollars to compensate for each of those losses.

For additional information relating to Mrs. Marshall's claimed damages, Mrs. Marshall has completed your Authorization to Release Protected Health Information.

**INTERROGATORY NO. 22:**  Are you claiming any destruction of future earning capacity on behalf of Kenneth Marshall as a result of the alleged occurrence?  If so, please state:

      a)      The total amount which you claim;

b)     The method employed to calculate the amount in subpart (a) above; and

c)     Each and every fact upon which the calculation was based.

**ANSWER:**

**Mr. Marshall desired to continue working part-time at the time of the incident, however Mrs. Marshall is not presently making a claim for destruction of future earning capacity on behalf of Mr. Marshall.**

**INTERROGATORY NO. 23:**  Please state, pursuant to Civil Rule 8.01, the amount claimed by

you in this action for each separate element of unliquidated damages, including, but not limited to:

| | | |
|---|---|---|
| (a) | medical expenses | $_____ |
| (b) | pain and suffering | $_____ |
| (c) | lost wages | $_____ |
| (d) | impairment of ability to earn money in the future | $_____ |
| (e) | loss of spousal consortium | $_____ |
| (f) | any other damages for which you are making a monetary claim | $_____ |

**ANSWER:**

**(a) At present, medical and billing records in our possession indicate expenses of not less than $641,125. However, we are currently requesting supplemental medical and billing records for the period from the date of the fall to the time of Mr. Marshall's death. We will supplement the amount claimed for medical expenses upon receipt and in accordance with any pretrial Orders of this Court.**

**(b) Not less than $1,000,000.00[1]**

**(c) n/a**

**(d) n/a**

**(e) Not less than $1,000,000.00[2]**

---

[1] Plaintiff will not seek to collect more than the available insurance limits in this case.
[2] *Id.*

**(f) At present, Mrs. Marshall does not claim any damages other than that aforementioned, however she reserves the right to amend her Answer upon the discovery of new information not previously known.**

**INTERROGATORY NO. 24:**       Please identify each and every doctor, family doctor, hospital, chiropractor, or other individual or entity engaged in the healing arts from whom or which Kenneth Marshall received treatment within the past ten (10) years.  Your answer should include, but not be limited to, the following:

     (a)     Name, address and telephone number of each individual or entity.

     (b)     The date of each visit.

     (c)     The reason for each visit.

     (d)     Describe in detail all diagnostic tests that were performed.

     (e)     Please state in detail the diagnosis that was made, if any.

     (f)     Please state in detail the prognosis that he received.

**ANSWER:**

**Objection. Interrogatory No. 24 is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Mr. Marshall has been treated by the following providers within the last ten (10) years:**

**Michael Pugh; Tates Creek Chiropractic; 148 W. Tiverton Way, Suite 140A, Lexington, KY 40503; (859) 272-5460**

**Terrance Furlow; BHMG – Internal Medicine; 2101 Nicholasville Rd., Suite 208, Lexington, KY 40503; (859) 276-5454**

**Lee Rickets II; Body Structure Medical Fitness; 2600 Gribbin Dr., Lexington, KY 40517; (859) 268-8190**

**Christian Christensen; Bluegrass Orthopedics; 1868 Plaudit Pl., Lexington, KY 40509; (859) 263-5140**

**John White; Pulmonary Associates; Baptist Health Medical Group; 166 Pasadena Drive, Suite 100, Lexington, KY 40503; (859) 278-0319**

**For further information regarding Mr. Marshall's treatment for the past ten years, Mrs.**

**Marshall has completed your request to execute a Release of Mr. Marshall's Protected Health Information, attached hereto. With regard to specific instances that which Defendant Fayette Place requests additional information, as outlined in its Interrogatory No. 24, Mrs. Marshall will supplement her Answer upon submission of a more definite request.**

**INTERROGATORY NO. 25:** Did Kenneth Marshall ever receive any disability pension, income, or insurance or any workman's compensation from any agency, company, person, corporation, state or government, and, if so, please state:

    (a) the nature of such payments;

    (b) the dates he received such income'

    (c) the injuries or disability for which he received the payment;

    (d) how the injury occurred or disability arose;

    (e) who paid the amounts received.

**ANSWER:**

No.

**INTERROGATORY NO. 26:** Please identify by name and address each and every doctor, chiropractor, psychiatrist, counselor or other individual engaged in the healing arts that Kenneth Marshall saw for the injuries he allegedly suffered as a result of his alleged fall on October 21, 2017.

**ANSWER:**

**Please see medical records, attached hereto and Answer to Interrogatory No. 24. Mrs. Marshall will supplement her Answer to Interrogatory No. 26 upon receipt of further medical records and in accordance with any pretrial Order of this Court. Mr. Marshall was treated at Central Baptist Hospital for his injuries arising from the fall and received rehabilitative treatment at Cardinal Hill Rehabilitation Hospital and Select Specialty Hospital – Lexington.**

**INTERROGATORY NO. 27:** Please describe in detail each and every injury, illness, sickness, or other medical condition that Kenneth Marshall suffered **prior to** the incident of

October 21, 2017.

 **ANSWER:**

**To the extent Interrogatory No. 27 is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence, it is objectionable. Without waiving any such objection, please see Answer to Interrogatory No. 24. Additionally, and generally, prior to the accident Mr. Marshall's past medical history is as follows: allergic rhinitis; arthritis; asthma; congestive heart failure; COPD; coronary artery disease; deep venous thrombosis; left rib fracture; left clavicle fracture; hypertension; pneumonia; appendectomy.**

**Unrelated to the present claim, Mr. Marshall received a blood/platelet transfusion on or about 5/12/2017 for issues relating to CAPG surgery, and the donor of said blood/platelets tested positive for hepatitis B at a subsequent donation attempt. Thus, he was given a hepatitis B vaccination and was further treated for hepatitis B prior to his death.**

**Upon submission of a more definite request, Mrs. Marshall will supplement her Answer to Interrogatory No. 27.**

**INTERROGATORY NO. 28:**     If you or Kenneth Marshall had any conversations with any employee or representative of the Defendant, Fayette Place, regarding the fall that allegedly occurred on October 21, 2017, the facts or circumstances concerning the fall, or the causes or contributing factors regarding the fall, give the following information:

    (a)    The name, address, and phone number of the individual with whom

           you or Kenneth Marshall spoke;

    (b)    The date and substance of the conversation, and

    (b)    The name, address, and telephone number of each and every

           individual present during the conversation.

**ANSWER:**

**Please see Answer to Interrogatory number 12.**

**INTERROGATORY NO. 29:**     If you or Kenneth Marshall had any conversations with any employee or representative of Applebee's, regarding the fall that allegedly occurred on October

21, 2017, the facts or circumstances concerning the fall, or the causes or contributing factors regarding the fall, give the following information:

      (a)     The name, address, and phone number of the individual with whom

               you or Kenneth Marshall spoke;

      (b)     The date and substance of the conversation, and

      (b)     The name, address, and telephone number of each and every

               individual present during the conversation.

**ANSWER:**

**See Answer to Interrogatory No. 12 and 13. Additionally, Mrs. Marshall was contacted by a representative of RMH out of Atlanta, Georgia but has no further knowledge or information relating to said representative.**

**Counsel has corresponded in regard to providing notice of representation of Mrs. Marshall for her claims arising out of Mr. Marshall's fall to the following representatives from RMH: Jen Hansen; Mitch Blocher; and Jay Gates.**

**INTERROGATORY NO. 30:**     Please identify each and every collateral source payor that has made any payment on behalf of Kenneth Marshall, medical or otherwise, due to the alleged fall of October 21, 2017.  Please give the date of each payment, the amount, and identify each payee.

**ANSWER:**

**Medicare has made medical payments on behalf of Kenneth Marshall as a result treatment for injuries sustained during of the fall, however Mrs. Marshall does not know the amounts of such payments at this time. She will supplement her Answer to Interrogatory No. 30 in accordance with any pre-trial Orders of this Court.**

**INTERROGATORY NO. 31:**     Please describe in complete detail each and every act you allege that the Defendant, Fayette Place, should have taken to prevent Kenneth Marshall's fall.

**ANSWER**:

Fayette place could have maintained the sidewalk in a way that eliminated the uneven payment and the depression between the sections of the sidewalk, maintained outdoor lighting that illuminated the area so one could appreciated the difference in elevation, and/or warned of the dangerous condition either by markings or signage.

**INTERROGATORY NO. 32**:          Please describe in complete detail precisely how the alleged

defects that you assert contributed to Kenneth Marshall's fall were not open and obvious.

**ANSWER**:

To the extent Interrogatory No. 32 calls for a legal conclusion and is overly broad, it is objectionable. Without waiving any such objection, please see Complaint and Answer to Interrogatory number 16. Additionally, the deterioration and unevenness of the walking path, absence of adequate lighting, and lack of warning prevented Mr. Marshall from discovering/appreciating the hazard, and in any event, the nature of the hazard is one that is not open and obvious.

**INTERROGATORY NO. 33**:          Please state what Kenneth Marshall had been doing in the 24

hours prior to the alleged fall, including, but not limited to, where he was coming from when the

incident occurred.

**ANSWER:**

To the best of Mrs. Marshall's recollection, the day before the incident Mr. Marshall attended his grandson's football game and mowed the grass at his home. The day of the incident, Mr. Marshall watched his Sunday School peers bowl at the Collins Bowling Centers Inc., 205 Southland Drive, Lexington, KY 40503, prior to arriving to the Applebee's.

**INTERROGATORY NO. 34:**          Has a written or otherwise recorded statement been taken

from any party or witness?  If so, for each statement, please state:

    (a) The name and address of the person from whom the statement was taken;

    (b) The name and address of the person who took the statement;

    (c) The name and address of each person who has a copy of the original of any such

        statement; and

    (d) The content of the statement.

**ANSWER:**

**See attached sworn statement of Lynn King.**

**INTERROGATORY NO. 35:**    Please state whether Kenneth Marshall consumed any alcohol, drug, narcotic, sedative, tranquilizer and/or any other form of medication (including over-the-counter) within 48 hours preceding the incident and state:

      (a)     the type of drug(s) taken;

      (b)     the time and date of taking the drug(s);

      (c)     the amount taken;

      (d)     the reason for taking the drug(s);

      (e)     whether the drugs were procured under a prescription and, if not, how so;

      (f)     the doctor prescribing; and

      (g)     the location and name of pharmacy where filled.

**ANSWER**:

**Mr. Marshall was taking blood pressure medication, Claritin, aspirin, Symbicort, and vitamin D supplements within the 48 hours preceding the incident. For further information regarding this Interrogatory, attached hereto is an authorization for information in the possession of Kroger Pharmacy at 1808 Alexandra Drive, in Lexington, KY 40504, where all of Mr. Marshall's prescriptions were filled.**

**INTERROGATORY NO. 36:** State whether Kenneth Marshall had been involved in any accident, including motor vehicle accidents, falls, or any other incidents causing personal injury prior to the incident which is the subject matter of this litigation.  If your answer is "yes", please describe each such accident, including:  a general description of the accident; the date, time and place the accident occurred; the injuries sustained, if any; and the name and address of each physician and/or hospital from whom Kenneth Marshall received treatment.

**ANSWER:**

22

To the extent Interrogatory No. 8 is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence, it is objectionable. Without waiving any such objection, Mrs. Marshall states as follows:

To the best of Mrs. Marshall's recollection, Mr. Marshall was in a car wreck in 1981 in Paris, Kentucky and sustained no injuries.

To the best of Mrs. Marshall's recollection, Mr. Marshall has fallen a total of three times prior to October 21, 2017. The first fall was in 2002 when Mr. Marshall tripped on his grandson's toy and he tore his patella tendon in his knee. The second fall was in 2012 when he slipped while carrying items in his hands and walking down steps, and he again tore his patella tendon in his knee. The third fall was in 2014, when he again fell while walking down stairs, however the only injury sustained was a small laceration.

Mrs. Marshall is not in possession of medical records documenting the exact dates of treatment and treating physicians for the above-referenced falls.

Mr. Marshall had knee replacement surgeries for both of his knees in 2002 and 2007, respectfully. Said knee surgeries were performed at Good Samaritan Hospital in Lexington by Dr. Christian Christensen.

**INTERROGATORY NO. 37:**   Have you or Kenneth Marshall ever been involved in any lawsuits, either prior to the subject accident or subsequent to the date of the subject accident? If yes, please provide the following information:

      (a) Describe the circumstances surrounding the lawsuit;

      (b) The individual or attorney representing or assisting Kenneth Marshall in the lawsuit;

      (c) The style of the case including party names, case number, and venue;

      (d) Injuries claimed as a result of the incident;

      (e) Whether the case settled; and

      (f) The outcome of the lawsuit.

**ANSWER:**

No.

**INTERROGATORY NO. 38:**   Please state whether Kenneth Marshall has ever been charged with a crime at any time.  If your Answer is "yes," please state the date and nature of the

charges, the alleged conduct leading to the pressing of said charges, the outcome of the criminal charges and whether Kenneth Marshall was placed on probation. If he was placed on probation, please state the dates and conditions of same.

**ANSWER:**

No.

**INTERROGATORY NO. 39:** Please provide the service provider, account number, and telephone number for any cellular telephone(s) owned or used by Kenneth Marshall on the date of the accident.

**ANSWER:**

**AT&T was Mr. Marshall's service provider. To the extent Interrogatory No. 39 seeks to discover information relating to whether Mr. Marshall was on the phone at the time of the fall, Mrs. Marshall states that he was not on the phone. The relevant account number on the date of the accident is 545009455436.**

**INTERROGATORY NO. 40:** Please state the complete factual basis contained within Count II of your Complaint, including but not limited to the nature, extent and frequency of spousal aid, assistance, services, society, companionship and comfort rendered and/or received by you from Kenneth Marshall, both before and after the subject accident.

**ANSWER:**

**To the extent Interrogatory No. 40 is overly broad, unduly burdensome, and calls for a legal conclusion, it is objectionable. Without waiving any such objection, Mr. Marshall was hospitalized and receiving treatment from the date of the incident until his death. Prior to the incident, Mr. Marshall was healthy, independent and living at home with Mrs. Marshall. Mr. and Mrs. Marshall were married for over 50 years. The only time Mr. Marshall was able to leave the hospital after the incident was the date of Mr. and Mrs. Marshall's 50th wedding anniversary, March 23, 2018.**

**Mr. Marshall suffered severe head injuries that included subdural hematomas and brain bleeds. He was hospitalized for the last nine months of his life, unable to care for himself, unable to communicate, and unable to perform any of the household services he had customarily performed prior to October 21, 2017. Upon incurring his subdermal hematoma, his mental state diminished progressively, further limiting his independence, and affecting his mood and quality of life.**

**Mrs. Marshall states that she misses Mr. Marshall's hugs and touch, and that he was never entirely the same after the accident.**

**INTERROGATORY NO. 41:**       Please state the name, address, and phone number of any individual with knowledge of discoverable information concerning your alleged loss of consortium including a description of the alleged knowledge known by the individual.

**ANSWER:**

**To the extent Interrogatory No. 41 is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence, it is objectionable. Without waiving any such objection, please see Answer to Interrogatory No. 3 regarding information relating to Kevin and Jason Marshall.**

**INTERROGATORY NO. 42**:       Please state the names and addresses of any healthcare provider with whom you have treated within the past ten (10) years and pharmaceutical providers where you filled prescriptions, including the dates of treatment, and state why he sought treatment from each provider.  This Interrogatory shall include, but is not limited to, physicians, physical therapists, chiropractors, hospitals, psychiatrists, psychologists, counselors, and any other health care providers or individual engaged in the healing arts.

**ANSWER**:

**Please see Answer to Interrogatory No. 24. Mr. Marshall got his prescriptions filled at Kroger Pharmacy, 1808 Alexandria Drive, Lexington, KY 40504.**

**INTERROGATORY NO. 43**:       Please provide your complete employment history for the last ten (10) years, including for each employment the name and present address of his employer; the name and address of his immediate supervisor; the inclusive dates of the employment; his beginning and ending salary; a general description of his job duties; whether you were a member of any unions; and the reason for termination or change of employment.  If you were not employed for any time period during the past ten (10) years, please state the reason why and identify your source(s) of income during these periods of unemployment.

**ANSWER:**

Interrogatory No. 43 seems to confuse who is to respond. For information relating to Mr. Marshall's employment, please see Answer to Interrogatory No. 20. In regard to Mrs. Marshall's employment, she has worked as treasurer, at least-part time, at Southern Hills Methodist Church in Lexington, Kentucky for approximately 14 years.

**INTERROGATORY NO. 44:**        Do you agree to supplement your responses to these

Interrogatories as information becomes available?

**ANSWER:**

Mrs. Marshall will supplement her Answers to Interrogatories in accordance with the Kentucky Rules of Civil Procedure and with any Court Order.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**    If you, or anyone acting on your behalf, have obtained any written, typed,

recorded, transcribed statements, or information obtained through any other means of tangible data

compilation, from any witness or individual, please produce same for inspection and copying.

**RESPONSE:**

See Lynn King sworn statement, attached hereto.

**REQUEST NO. 2:**    If you, or anyone acting on your behalf, have obtained any photographs,

videos, or other information obtained by any other means of tangible data compilation, in regard

to this incident, including any photos of the accident scene or claimed injuries, please produce

same for inspection and copying.

**RESPONSE:**

To the extent Request No. 2 seeks information protected from disclosure by the attorney-client privilege and the work product doctrine pursuant to applicable Kentucky law, it is objectionable. Without waiving said objection, see photographs taken by Lynn King contemporaneously with the incident, attached hereto.

**REQUEST NO. 3:**   Please provide copies of all ambulance, EMS, hospital records, medical reports, and the autopsy report, if any, pertaining to Kenneth Marshall's injuries, treatment and testing following the incident in question.

**RESPONSE:**

**See medical records, bates stamped.**

**REQUEST NO. 4:**   Please furnish copies of all hospital bills, ambulance fees, or other documentary evidence that supports your claim for damages in this civil action.

**RESPONSE:**

**All billing records referenced herein have been provided personally by Mrs. Marshall, and we are currently requesting official billing records for the period of the fall to Mr. Marshall's death. Mrs. Marshall has completed an Authorization to Release Protected Health Information.**

**REQUEST NO. 5:**   For each expert, medical or otherwise, that you have identified, please produce for inspection and copying a copy of the witnesses' curriculum vitae or statement of qualifications.

**RESPONSE:**

**No expert has been identified at this point.**

**REQUEST NO. 6:**   If you have received from any of said expert witnesses a written report, please produce same for purposes of inspection and copying.

**RESPONSE:**

**See Answer to Request No. 5.**

**REQUEST NO. 7:**   Please produce any and all documents prepared by, or for, or relied upon by, an expert who may be called as a witness by you or your attorneys to testify at the trial of this lawsuit.

**RESPONSE:**

**See Answer to Request No. 5.**

**REQUEST NO. 8:**   Please produce any and all expert reports, work papers, notes, documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has a written report which is or will be relied upon in whole or in part by a testifying expert.

**RESPONSE:**

**See Answer to Request No. 5.**

**REQUEST NO. 9:**   Please produce all documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to those which would include his/her report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

**RESPONSE:**

**See Answer to Request No. 5.**

**REQUEST NO. 10:**   Please produce any treatise or authoritative literature on which any expert intends to rely in his/her testimony in this case.

**RESPONSE:**

**See Answer to Request No. 5.**

**REQUEST NO. 11:**   If you, or anyone acting on your behalf, have obtained any written, typed, recorded, transcribed statements, or information obtained through any other means of tangible data compilation, from the Defendants or any agent, representative or employee of the Defendants, please produce same for inspection and copying.

**RESPONSE:**

**No statements or information has been received from Defendants.**

**REQUEST NO. 12:**  With regard to the amounts you are claiming for each item of damages

alleged in your Complaint, please produce for inspection and copying the calculations used to arrive at each figure.

**RESPONSE:**

**All billing records referenced herein have been provided personally by Mrs. Marshall, and we are currently requesting official billing records for the period of the fall to Mr. Marshall's death. Mrs. Marshall has completed an Authorization to Release Protected Health Information.**

**REQUEST NO. 13:**  If you, or anyone acting on your behalf, have obtained any written, typed, recorded, transcribed statements, or information obtained through any other means of tangible data compilation, from any sources that contain any statement of the Defendant, Fayette Place, its agents, representatives, employees, or representatives, please produce same for inspection and copying.

**RESPONSE:**

**See Answer to Request No. 11.**

**REQUEST NO. 14:**  Please produce for inspection and copying complete certified copies of any and all documents, graphs, maps, charts, reports, electronic and/or tangible material and/or other written material that in any way supports one or more interrogatories filed herewith.

**RESPONSE:**

**No such documents yet exist.**

**REQUEST NO. 15:**  Please produce for inspection and copying Kenneth Marshall's state and federal income tax returns for the last five calendar years. Please sign and return the attached state tax information authorization.

**RESPONSE:**

**See attached authorization.**

**REQUEST NO. 16:**  Please produce a signed copy of the attached Authorization for Disclosure

of Protected Health Information Release.

**RESPONSE:**

**See attached Release.**

**REQUEST NO. 17:**  Please produce a signed copy of the attached Social Security Records Release.  PLEASE NOTE THAT THE SOCIAL SECURITY ADMINISTRATION REQUIRES THAT THE ORIGINAL BE TENDERED.  PLEASE RETURN THE ORIGINAL.

**RESPONSE:**

**Objection. Information relating to this Request is protected from disclosure pursuant to the Kentucky Rules of Civil Procedure and caselaw.**

**REQUEST NO. 18:**  Please produce a signed copy of the attached Employment Records Release.

**RESPONSE:**

**See attached Release.**

**REQUEST NO. 19:**     Please provide a copy of Kenneth Marshall's cell phone records for the date of the accident.  Please produce a signed and notarized copy of the attached Cell Phone Records Release.

**RESPONSE:**

**See attached Release.**

**REQUEST NO. 20:**  Please produce a copy of each and every exhibit you intend to rely on or introduce at the trial of this matter.

**RESPONSE:**

**No exhibits have been identified. Mrs. Marshall will supplement her Answer to this Request in accordance with any pretrial Order entered by the Court in this matter.**

**REQUEST NO. 21:**  Please produce any and all documents, diagrams, apparatus or other tangible demonstrative items which you intend on introducing at the trial of this case or which you intend

on using for illustrative purposes at the trial of this case.

**RESPONSE:**

**See Answer to Request No. 20.**

**REQUEST NO. 22:**  If any payments have been made on your behalf by Medicare, Medicaid, or any other government sponsored program, please produce for inspection and copying any documents related to such payments, a payment summary form, and a Conditional Payment letter from the Medicare Secondary Payer Recovery Contractor (MSPRC).

**RESPONSE:**

**Payments have been made by Medicare, however Mrs. Marshall does not currently know the amounts of such payments. Mrs. Marshall will supplement her Response to Request No. 22 in accordance with any pre-trial Orders of this Court.**

**REQUEST NO. 23:**    Please produce a copy of each and every release and settlement agreement you have entered into with any other party in this lawsuit or any other claimant arising out of the October 21, 2017, alleged fall which forms the basis of your claim.

**RESPONSE:**

**No release or settlement agreement has been entered into with any other party or claimant arising out of the fall.**

**REQUEST NO. 24:**  Please produce all documents and deposition transcripts related to any lawsuits prior to or subsequent to this lawsuit in which Kenneth Marshall has been a party.

**RESPONSE:**

**Mr. Marshall has not been a party to any other lawsuit.**

**REQUEST NO. 25:**  Please produce a photograph of the shoes Kenneth Marshall was wearing at the time the alleged accident occurred.

**RESPONSE:**

**See Answer to Request No. 2.**

**REQUEST NO. 26:** Please produce for inspection and copying any document which supports your responses to these Interrogatories.

**RESPONSE:**

**Documents supporting Mrs. Marshall's responses to these Interrogatories are attached hereto. Upon a more definite request, Mrs. Marshall will supplement her Response to Request No. 26.**

**REQUEST NO. 27:** Please provide a copy of Kenneth Marshall's death certificate.

**RESPONSE:**

**See attached death certificate.**

Respectfully submitted,

MCBRAYER, MCGINNIS, LESLIE
& KIRKLAND, PLLC
201 E. Main Street, Suite 900
Lexington, KY 40507
(859) 231-8780

LUKE MORGAN
DAVID J. GUARNIERI
TREVOR M. NICHOLS
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served via U.S. mail, postage pre-paid, this _10_ day of _Jan._, 2018, upon the following:

Jane C. Higgins, Esq.
Sarah E. Noble, Esq.
Phillips, Parker, Orberson & Arnett, PLC
163 E. Main Street, Suite 130
Lexington, KY 40507

Gregg E. Thornton, Esq.
J. Tucker Willis, Esq.
Ward, Hocker & Thornton, PLLC
333 W. Vine Street, Suite 1100
Lexington, KY 40507

ATTORNEY FOR DEFENDANTS

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
FOURTH DIVISION
CIVIL ACTION NO. 18-CI-03713

JENNIFER CAROL MARSHALL,                                    PLAINTIFFS
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL

v.                    **PLAINTIFFS' DISCOVERY RESPONSES**

RMH FRANCHISE HOLDINGS, INC., et al.                        DEFENDANTS

*   *   *   *   *   *   *

Comes the Plaintiff, Jennifer Carol Marshall, in her individual capacity, and for her

answers to Defendant, RMH Franchise Holdings, Inc.'s and RMH Franchise Corporation's First

Interrogatories and Requests for Production of Documents, hereby states as follows:

## GENERAL OBJECTIONS

Mrs. Marshall, by counsel, make the following General Objections, which apply to each

of Fayette Place's First Set of Interrogatories and Requests for Production of Documents

("Requests"):

1.      Certain of the Requests are improper in that they call for legal conclusions.

2.      Certain of the Requests are improper in form, *i.e.*, they are overly broad, vague,

confusing, and ambiguous.

3.      To the extent that any part of the Requests calls for the discovery of documents

that are privileged, including, without limitation, confidential attorney-client communications, or

which constitute work product prepared in anticipation of litigation or for trial by Mrs. Marshall

or her representatives, Mrs. Marshall objects to such discovery on ground that such materials are

not within the scope of discovery contemplated by CR 26, 33, and 34. Mrs. Marshall objects to

any and all discovery requests to the extent they seek documents or information beyond that

expressly permitted by the Rule of Civil Procedure.

4.     By producing any information in answering the Requests, Mrs. Marshall does not thereby concede the relevant, materiality, or admissibility of such information. Mrs. Marshall reserves all objections as to relevance, authenticity, and materiality. Mrs. Marshall's production of any information in response to the Requests shall neither waive nor prejudice any objections Mrs. Marshall may later assert.

5.     Mrs. Marshall reserves the right to revise, amend, supplement, and/or correct these Answers and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

5.     All General Objections apply to each specific Request without reiteration therein. A specific objection to a specific Request that expressly incorporates the substance of a General Objection is not, is not intended to be, and shall not be deemed a waiver of the applicability of any General Objection to that or any other Request.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify yourself fully, giving your full name, age, birth date, social security number, residence address, business address and occupation.

**The person answering these interrogatories is Jennifer Carol Marshall, she was born December 14, 1946. She is retired, but works part-time at Southern Hills Methodist Church in Lexington, Kentucky. Her mailing address is 4104 Plantagenet Drive, Lexington, Kentucky, 40513, and she may be contacted only through counsel. Mrs. Marshall's social security number will be provided under cover by separate letter.**

**INTERROGATORY NO. 2:** Please state the names and addresses of each person or organization by whom or with whom you were employed at the time of the occurrence or have been employed with during the five year period immediately preceding the alleged occurrence.

**Mrs. Marshall has worked part-time at Southern Hills Methodist Church in Lexington, Kentucky as treasurer for approximately 14 years.**

**INTERROGATORY NO. 3:** As to each person or organization referred to in the answer to the preceding interrogatory, please state:

A)     The dates of each such employment;

B)     The nature of the work or duties;

C)     The place or places where such work or duties were performed; and

D)     The average weekly or monthly compensation from such employment.

**See Answer to Interrogatory No. 2.**

**INTERROGATORY NO. 4:** Please state the names and addresses of each person or organization by whom or with whom you have been employed since the time of the occurrence.

**See Answer to Interrogatory No. 2.**

**INTERROGATORY NO. 5:** Are you now receiving or have you ever received any disability pension, income or insurance or any worker's compensation from any agency, company, person, corporation, state or government, and, if so, state:

A)     The nature of any such payments;

B)     The dates you received such income;

C)     For what injuries or disability did you receive it and how such injury occurred or disability arose; and

D)     By whom paid and the amounts received.

**No.**

**INTERROGATORY NO. 6:** With respect of the marriage between you and Kenneth Marshall, please state the date and place of marriage.  Please further identify all legal proceedings involving you and Kenneth Marshall by listing the nature of the proceeding, date, venue and outcome of the proceeding. For instance, if an Emergency Protective Order or Domestic Violence

3

Order, or similar proceeding ever existed between the parties please identify the proceeding, state when it was filed, where it was filed, its case number and its venue. This Interrogatory extends to all child support cases.

**Mr. and Mrs. Marshall were married on March 23, 1968 in Lexington, Kentucky.**

**INTERROGATORY NO. 7:** To the best of your knowledge, please identify and provide the address of any and all persons with knowledge of the facts and circumstances regarding the alleged occurrence.

**To the extent that Interrogatory No. 5 is overly broad and unduly burdensome, it is objectionable. Without waiving any such objection, the following persons may have discoverable information regarding the incident which occurred on October 21, 2017:**

**Lynne King**
**Gene King**
**Address: 4120 Plantagenet Drive, Lexington, Kentucky, 40513**
**Synopsis:** *See* **Sworn Statement of Lynne King**

**Sandy Cloyd**
**Sonny Cloyd**
**Address: 392 Squires Road, Lexington, Kentucky 40515**
**Synopsis: Mr. and Mrs. Cloyd were present at the time of the fall and may have knowledge concerning the site conditions.**

**Applebee's manager/employees**
**Address: 4009 Nicholasville Road, Lexington, Kentucky 40502**
**Telephone: unknown**
**Synopsis: unknown**

**INTERROGATORY NO. 8:** Has a written or otherwise recorded statement been taken from any witness? If so, for each statement, state:

    A)    The name and address of the person from whom this statement was taken;

    B)    The name and address of the person who took the statement; and

    C)    The name and address of each person who has a copy of the original of any such statement.

**See attached sworn statement of Mrs. Lynn King.**

**INTERROGATORY NO. 9:** Please state the substance of any conversation you have had with these Defendants and/or any agent, servant and/or employee of these Defendants with regard to the subject matter of this litigation, identifying the name of the person with whom such conversation was had.

**A manager/employee of Applebee's became aware of the fall after it occurred and came outside to the scene to provide towels to Mr. Marshall for his injuries and bleeding. It is Mrs. Marshall's belief that an accident report was created, however she did not participate in the completion of such report and does not have possession of such report. Mrs. Marshall does not know the name of the manager/employee who provided towels.**

**Additionally, Mrs. Marshall was contacted by a representative of RMH out of Atlanta, Georgia but has no further knowledge or information relating to said representative. Counsel has corresponded in regard to providing notice of representation of Mrs. Marshall for her claims arising out of Mr. Marshall's fall to the following representatives from RMH: Jen Hansen; Mitch Blocher; and Jay Gates.**

**INTERROGATORY NO. 10:** As to each person that you expect to testify as an expert witness at the trial of this matter, please state the following:

A)      The name, address and occupation of that witness;

B)      The subject matter or area on which such expert is expected to testify;

C)      The substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and

D)      Whether the witness will testify in person or by deposition.

**Mrs. Marshall has not yet identified experts that she will call to provide opinion testimony at trial.**

**INTERROGATORY NO. 11:** As to your claim for loss of consortium set forth in the Complaint, please state:

A) The total amount of money claimed for <u>each element</u> of your alleged damages; and

B) The factual and evidentiary basis you intend to rely on in proving this claim.

The jury will determine what amounts are warranted for Mr. Marshall's the loss of consortium, but the she will request at least one million dollars to compensate her for this loss.

To the extent Interrogatory No. 11 is overly broad, unduly burdensome, and calls for a legal conclusion, it is objectionable. Without waiving any such objection, Mr. Marshall was hospitalized and receiving treatment from the date of the incident until his death. Prior to the incident, Mr. Marshall was healthy, independent and living at home with Mrs. Marshall. Mr. and Mrs. Marshall were married for over 50 years. The only time Mr. Marshall was able to leave the hospital after the incident was the date of Mr. and Mrs. Marshall's 50th wedding anniversary, March 23, 2018.

Mr. Marshall suffered severe head injuries that included subdural hematomas and brain bleeds. He was hospitalized for the last nine months of his life, unable to care for himself, unable to communicate, and unable to perform any of the household services he had customarily performed prior to October 21, 2017. Upon incurring his subdermal hematoma, his mental state diminished progressively, further limiting his independence, and affecting his mood and quality of life.

Mrs. Marshall states that she misses Mr. Marshall's hugs and touch, and that he was never entirely the same after the accident.

**INTERROGATORY NO. 12:** Please give the name, address and telephone number of all persons you intend to call as witness to testify at trial.

Mrs. Marshall has not yet identified what witnesses she intends to call at trial due to the infancy of discovery.

**INTERROGATORY NO. 13:** Please state whether you are eligible for Medicare or Medicaid.

Yes.

**INTERROGATORY NO. 14:** Have you ever been convicted of or pled guilty to a crime? If so, for each conviction or guilty plea, please set forth the county in which the conviction or plea was entered, the date, and the charge.

No.

**INTERROGATORY NO. 15:** Please set forth in what way you claim to have suffered loss of consortium as a result of the incident which is the subject of your Complaint.

See Answer to Interrogatory No. 11.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Copies of any and all documents and items which this Plaintiff has to support each of the specific allegations of damages against these Defendants, including documentation of any alleged damages related to the estate of Kenneth Marshall's lost earnings, the destruction of her power to earn money in the future, and property damage.

**To the extent Request No. 1 is overly broad and unduly burdensome, it is objectionable. Without waiving any such objection, medical records relating to Mr. Marshall's treatment after the fall are bates stamped and attached hereto.**

**REQUEST NO. 2:**   A copy of any and all pictures, videos, plats, maps, diagrams or other documentation regarding the vehicles involved in the subject accident, the accident scene and/or anything else which in any way relates to the subject matter of this Plaintiff's claims herein and/or which this Plaintiff intends to use for purposes of illustration or introduction into evidence at the trial of this action.

**No vehicles were involved in Mr. Marshall's fall. Mrs. Lynn King took photographs of the scene contemporaneous with Mr. Marshall's fall. Said photos are attached hereto. Mrs. Marshall has not yet determined which evidence she intends to use for purposes of illustration or introduction into evidence at the trial of this action, but will supplement her answer to Request No. 2 in accordance with the Kentucky Rules of Civil Procedure and any pre-trial Order of this Court.**

**REQUEST NO. 3:**   Copies of Kenneth Marshall's federal and state income tax returns for the last ten (10) years.

**See attached release.**

**REQUEST NO. 4:**   Copies of all written or otherwise recorded statements which have been taken from any representatives, employees and/or agents of Kenneth Marshall.

**No representative, employee, or agent of Mr. Marshall has provided a written or otherwise recorded statement.**

7

Lynn King, a friend and Sunday School peer of the Marshalls, has provided a sworn statement detailing her recollection of the events of October 21, 2017 and said statement is attached hereto.

**REQUEST NO. 5:**  Copies of any reports and curriculum vitae from all individuals who

the Plaintiffs expect to call as an expert witness at the trial of this action.

Mrs. Marshall has not yet identified experts that she will call to provide opinion testimony at trial.

Respectfully submitted,

MCBRAYER, MCGINNIS, LESLIE
& KIRKLAND, PLLC
201 E. Main Street, Suite 900
Lexington, KY  40507
(859) 231-8780

LUKE MORGAN
DAVID J. GUARNIERI
TREVOR M. NICHOLS
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served via U.S. mail, postage pre-paid, this 10 day of Jan , 2018, upon the following:

Jane C. Higgins, Esq.
Sarah E. Noble, Esq.
Phillips, Parker, Orberson & Arnett, PLC
163 E. Main Street, Suite 130
Lexington, KY  40507

Gregg E. Thornton, Esq.
J. Tucker Willis, Esq.
Ward, Hocker & Thornton, PLLC
333 W. Vine Street, Suite 1100
Lexington, KY  40507

ATTORNEY FOR PLAINTIFFS

8

<u>VERIFICATION</u>

I, Jennifer Carol Marshall, having examined the Answers to the Interrogatories

herein, affirm that the statements of fact contained in the Answers are true and accurate to

the best of my knowledge and belief, this the 21 day of December, 2018.

*Jennifer Carol Marshall*

Jennifer Carol Marshall

NOTARY PUBLIC                              )
COMMONWEALTH OF KENTUCKY    )

Subscribed, sworn to, and acknowledged before me this the 21 day of December,
2018, by Jennifer Carol Marshall.

My Commission Expires: 10-11-22 .

NOTARY PUBLIC

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
FOURTH DIVISION
CIVIL ACTION NO. 18-CI-03713

JENNIFER CAROL MARSHALL,                                    PLAINTIFFS
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL

v.                    **PLAINTIFFS' DISCOVERY RESPONSES**

RMH FRANCHISE HOLDINGS, INC., et al.                        DEFENDANTS

\* \* \* \* \* \* \*

Come the Plaintiff, Jennifer Carol Marshall, Executrix of the Estate of Kenneth Marshall,

and for her answers to Defendant, RMH Franchise Holdings, Inc.'s and RMH Franchise

Corporation's First Interrogatories and Requests for Production of Documents, hereby states as

follows:

**GENERAL OBJECTIONS**

Mrs. Marshall, by counsel, make the following General Objections, which apply to each

of Fayette Place's First Set of Interrogatories and Requests for Production of Documents

("Requests"):

1.      Certain of the Requests are improper in that they call for legal conclusions.

2.      Certain of the Requests are improper in form, *i.e.*, they are overly broad, vague,

confusing, and ambiguous.

3.      To the extent that any part of the Requests calls for the discovery of documents

that are privileged, including, without limitation, confidential attorney-client communications, or

which constitute work product prepared in anticipation of litigation or for trial by Mrs. Marshall

or her representatives, Mrs. Marshall objects to such discovery on ground that such materials are

not within the scope of discovery contemplated by CR 26, 33, and 34. Mrs. Marshall objects to

any and all discovery requests to the extent they seek documents or information beyond that expressly permitted by the Rule of Civil Procedure.

4.    By producing any information in answering the Requests, Mrs. Marshall does not thereby concede the relevant, materiality, or admissibility of such information. Mrs. Marshall reserves all objections as to relevance, authenticity, and materiality. Mrs. Marshall's production of any information in response to the Requests shall neither waive nor prejudice any objections Mrs. Marshall may later assert.

5.    Mrs. Marshall reserves the right to revise, amend, supplement, and/or correct these Answers and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

5.    All General Objections apply to each specific Request without reiteration therein. A specific objection to a specific Request that expressly incorporates the substance of a General Objection is not, is not intended to be, and shall not be deemed a waiver of the applicability of any General Objection to that or any other Request.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  Please state the full name, address, date of birth, social security number, marital status and occupations of Kenneth Marshall at the time of the accident, which is the subject of this litigation.

**Kenneth David Marshall, deceased, lived at 4104 Plantagenet Drive, Lexington, Kentucky, 40513. He was retired from working at the University of Kentucky Post Office, however worked part-time as a crossing guard at his grandson's school, Garden Springs Elementary, in Lexington, Kentucky at the time of his death. He was born July 9, 1945. He lived with and was married to his wife, Carol Marshall, at 4104 Plantagenet Drive, Lexington, Kentucky, 40513. They were married for over 50 years.**

**INTERROGATORY NO. 2:**   Please provide Kenneth Marshall's educational background, including the name and address of each school or vocational institution attended by her; the inclusive dates of attendance; the diploma, degree or certification earned; and a general description of the course of study pursued.

**Mr. Marshall completed high school and earned his diploma from Tennessee Military Institute located in Sweetwater, Tennessee.**

**INTERROGATORY NO. 3:**   Please provide the employment history of Kenneth Marshall for the ten (10) years preceding her death, listing the following information for each employer: name and address of employer; the inclusive dates of employment; his job title; and a general description of job duties.

**Interrogatory No. 43 seems to confuse who is to respond. In regard to Mr. Marshall's employment, he retired from working at the University of Kentucky post office in 2000. For additional information regarding this employment, Mrs. Marshall has completed an Authorization to Release Mr. Marshall's Employment Records, attached hereto.**

**Mr. Marshall worked as a crossing guard at his grandson's elementary school, Garden Springs Elementary, from approximately 2007 to 2016. For additional information regarding this employment, Mrs. Marshall has completed a Request for Authorization to Release Mr. Marshall's Employment Records, attached hereto.**

**In regard to Mrs. Marshall's employment, she has worked as treasurer, at least-part time, at Southern Hills Methodist Church in Lexington, Kentucky for approximately 14 years.**

**INTERROGATORY NO. 4:**   Please state the net income of Kenneth Marshall each year for the ten (10) years prior to his death and the sources of same.

**Attached hereto is an authorization to release Mr. Marshall's tax information.**

**INTERROGATORY NO. 5:**   Please state whether Kenneth Marshall was receiving any type of insurance benefits, social security benefits, and/or other benefits at the time of the accident in question, and, if so, the amount of such benefits.  Please also set forth any Social Security claims which had ever been made by Kenneth Marshall.

**Mr. Marshall received social security payments at the time of the accident.**

**INTERROGATORY NO. 6:** Please identify (including their name, address, and relationship to the decedent) anyone who claims to have been a dependent in whole or in part upon decedent, Kenneth Marshall, for their support, maintenance, or education at the time of decedent's death.

**Jennifer Carol Marshall**

**INTERROGATORY NO. 7:**  Please state the name, current address and phone number known to you of any person having knowledge of facts relevant to the accident which is the subject matter of this litigation.

**To the extent that Interrogatory No. 5 is overly broad and unduly burdensome, it is objectionable. Without waiving any such objection, the following persons may have discoverable information regarding the incident which occurred on October 21, 2017:**

**Lynne King**
**Gene King**
**Address: 4120 Plantagenet Drive, Lexington, Kentucky, 40513**
**Synopsis:** *See* **Sworn Statement of Lynne King**

**Sandy Cloyd**
**Sonny Cloyd**
**Address: 392 Squires Road, Lexington, Kentucky 40515**
**Synopsis: Mr. and Mrs. Cloyd were present at the time of the fall and may have knowledge concerning the site conditions.**

**Applebee's manager/employees**
**Address: 4009 Nicholasville Road, Lexington, Kentucky 40502**
**Telephone: unknown**
**Synopsis: unknown**

**INTERROGATORY NO. 8:** Had Kenneth Marshall, at any time before the accident described in the Complaint, ever sustained bodily injuries of any kind by or through an accident of any type, kind or character? If so, as to each such accident, state the names and addresses of the other parties involved, the date, time and place of occurrence, the extent of injuries sustained, the

4

names and addresses of treating and consulting physicians, and the disability, and periods of

hospitalization, if any.

To the extent Interrogatory No. 8 is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence, it is objectionable. Without waiving any such objection, Mrs. Marshall states as follows:

To the best of Mrs. Marshall's recollection, Mr. Marshall was in a car wreck in 1981 in Paris, Kentucky and sustained no injuries.

To the best of Mrs. Marshall's recollection, Mr. Marshall has fallen a total of three times prior to October 21, 2017. The first fall was in 2002 when Mr. Marshall tripped on his grandson's toy and he tore his patella tendon in his knee. The second fall was in 2012 when he slipped while carrying items in his hands and walking down steps. He again tore his patella tendon in his knee. The third fall was in 2014, when he again fell while walking down stairs, however the only injury sustained was a small laceration.

Mrs. Marshall is not in possession of medical records documenting the exact dates of treatment and treating physicians for the above-referenced falls.

Mr. Marshall had knee replacement surgeries for both of his knees in 2008 and 2010, respectfully. Said knee surgeries were performed at Good Samaritan Hospital by Dr. Christian Christensen in Lexington, Kentucky.

**INTERROGATORY NO. 9:**  Had Kenneth Marshall, at any time before the accident,

described in the Complaint ever suffered any type of mental or physical disability or infirmity

whatsoever? If so, describe in detail, giving the dates of treatment for same.

According to Mr. Marshall's medical records, he was diagnosed with dementia and depression on or about January 6, 2017.

To the best of Mrs. Marshall's knowledge, Mr. Marshall underwent neurological evaluations at UK Hospital in 2017 because he was seemingly less conversational. After the evaluation at UK, Mr. Marshall was evaluated at Central Baptist as a follow up. Mr. Marshall was prescribed medication as a result of said evaluations and picked up his prescription from the Kroger Pharmacy located at 1808 Alexandria Drive, Lexington, KY 40504.

**INTERROGATORY NO. 10:**  Pursuant to CR 8.01(2), please set forth each and every

item of damages, both liquidated and unliquidated, which you are seeking to recover in this action

and the amount of money you are seeking to recover for each such item of damages.

5

All billing records referenced herein have been provided personally by Mrs. Marshall, and we are currently requesting official billing records for the period of the fall to Mr. Marshall's death. Mrs. Marshall has completed an Authorization to Release Protected Health Information.

At present, medical and billing records in our possession indicate expenses not less than $641,125. However, we are currently requesting supplemental medical and billing records for the period from January 2018 to the time of Mr. Marshall's death. We will supplement the amount claimed for medical expenses upon receipt and in accordance with any pretrial Orders of this Court.

The jury will determine what amounts are warranted for Mr. Marshall's pain and suffering and the loss of consortium, but Mrs. Marshall will request at least one million dollars to compensate for each of those losses.

**INTERROGATORY NO. 11:** Please state the substance of any conversation you have had with any agent, servant and/or employee of RMH Franchise Holdings, Inc. and RMH Franchise Corporation, and with regard to the subject matter of this litigation, identifying the name of the person with whom such conversation was had.

A manager/employee of Applebee's became aware of the fall after it occurred and came outside to the scene to provide towels to Mr. Marshall for his injuries and bleeding. It is Mrs. Marshall's belief that an accident report was created, however she did not participate in the completion of such report and does not have possession of such report. Mrs. Marshall does not know the name of the employee/manager who provided towels.

Mrs. Marshall was contacted by a representative of RMH from Atlanta, Georgia who left her a voicemail on her phone. She does not recall the name of this representative. This voicemail resulted after Mrs. Marshall had already obtained counsel to investigate her claims. Thereafter, counsel for Mrs. Marshall communicated with representatives of Defendants on Mrs. Marshall's behalf. Mrs. Marshall has not provided a statement to Defendants or their agents. Counsel for Mrs. Marshall has communicated with Jay Gates, Jen Hansen, and Mitch Blocher since the time of the accident.

**INTERROGATORY NO. 12:** Please state whether Kenneth Marshall or any beneficiaries have received any monetary payments as a result of the death of Kenneth Marshall such as a settlement of any injury claims, PIP payments, life insurance, workers' compensation benefits, health and accident insurance, etc. If your answer is in the affirmative, please state the name and address of the source of said payments, the date of payments, and the amount thereof.

**Mrs. Marshall received two life insurance payments in the amount of approximately $33,000 and $250,000. The payments came from MONY Life Insurance Company and Lincoln Financial, respectfully.**

**INTERROGATORY NO. 13:**  State whether you, your attorney, or agent have in your possession photographs and/or videotapes of the vehicles involved in the subject accident and/or the accident site.  If your answer is in the affirmative, please state the dates said photographs and/or videotapes were taken, the place where they were taken, and the name and present address of the photographer and/or videographer.

**To the extent Interrogatory No. 8 seeks information protected from disclosure by the attorney-client privilege or the work product doctrine pursuant to applicable Kentucky law, it is objectionable. Without waiving any such objection, attorneys for Mrs. Marshall have personally inspected the scene of the accident. Pictures and videos were taken of the scene of the accident by counsel or those acting at counsel's direction. Said pictures and videos were taken in anticipation of litigation and Defendants are capable of obtaining similar investigative photographs and videos without undue hardship.**

**Mrs. Lynn King took photographs on October 21, 2017, contemporaneous with the fall, and said photographs are attached hereto.**

**INTERROGATORY NO. 14:**  Please identify by name and address each person whom you expect to call as an expert witness at the trial of this action.  With regard to each person, please state their qualification; the subject matter on which the expert is expected to testify; the substance of the facts and opinions of which the expert is expected to testify; and the summary of the grounds for each opinion.

**Mrs. Marshall has not yet identified what witnesses she intends to call at trial. However, in the interest of providing full and complete responses, Mrs. Marshall will likely call Mr. Marshall's treating physicians to testify to matters including but not limited to, the injuries sustained by Mr. Marshall from the fall, the scope and course of treatment, pain and suffering, and any other matters or claims relating to Mr. Marshall's injuries sustained as a result of the fall that is within the purview of the expertise of said physicians.**

**INTERROGATORY NO. 15:** Please identify all persons you intend to call as witnesses to testify at the trial of this action.

**Mrs. Marshall has not yet identified what witnesses she intends to call at trial due to the infancy of discovery. Please see response to Interrogatory No. 14.**

**INTERROGATORY NO. 16:** Please identify each and every exhibit you intend to use at the trial of this action.

**No exhibits have been identified. Mrs. Marshall will supplement her Answer to this Request in accordance with any pretrial Order entered by the Court in this matter.**

**INTERROGATORY NO. 17:** Please state each and every date on which Kenneth Marshall was examined or treated by any doctor, physician, hospital, or medical provider with respect to any injury or disability which you claim was sustained or suffered as a result of the alleged occurrence, setting forth in detail as to each date or examination or treatment;

A.      The name and address of each doctor, physician or medical provider;

B.      The nature and extent of the examination or treatment received from each such doctor, physician or medical provider;

C.      Any diagnosis or prognosis made by each such doctor, physician, medical provider, or any other organization, on account of each such person; and

D.      The amount charged by each such doctor, physician, or medical provider for treatment or examination given, fully itemized as indicated in any bill rendered therefore.

**Mr. Marshall was treated at Central Baptist Hospital for his injuries arising from the fall and received rehabilitative treatment at Cardinal Hill Rehabilitation Hospital and Select Specialty Hospital – Lexington. For further information relating to Mr. Marshall's treatment, see Answer to Interrogatory No. 18, and medical records, bates stamped, attached hereto.**

**INTERROGATORY NO. 18:** Please state the name and address of Kenneth Marshall's family doctor and/or physician for the 10-year period prior to his death.

8

To the extent Interrogatory No. 24 is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence, it is objectionable. Without waiving any such objection, Mr. Marshall has been treated by the following providers within the last ten (10) years:

Michael Pugh; Tates Creek Chiropractic; 148 W. Tiverton Way, Suite 140A, Lexington, KY 40503; (859) 272-5460

Terrance Furlow (retired from Central Baptist); BHMG – Internal Medicine; 2101 Nicholasville Rd., Suite 208, Lexington, KY 40503; (859) 276-5454

Lee Rickets II; Body Structure Medical Fitness; 2600 Gribbin Dr., Lexington, KY 40517; (859) 268-8190

Christian Christensen; Bluegrass Orthopaedics; 1868 Plaudit Pl., Lexington, KY 40509; (859) 263-5140

John White; Pulmonary Associates; Baptist Health Medical Group; 166 Pasadena Drive, Suite 100, Lexington, KY 40503; (859) 278-0319

For further information regarding Mr. Marshall's treatment for the past ten years, Mrs. Marshall has completed a Release of Mr. Marshall's Protected Health Information, attached hereto.

**INTERROGATORY NO. 19:**   Please state the name and address of each and every hospital, clinic and/or other institution Kenneth Marshall was treated by for the 10-year period prior to his death.

See Answer to Interrogatory No. 17 and 18.

**INTERROGATORY NO. 20:**   Please identify each and every act of negligence or causation of any party or nonparty to this litigation which you allege contributed to or caused the accident in this case.

To the extent Interrogatory No. 20 is overly broad, unduly burdensome, and calls for a legal conclusion, it is objectionable. Without waiving any such objection, wear and tear, erosion, and/or settlement of the concrete walking path was a defect and condition of the property that caused the fall. Additionally, the failure to adequately warn of the dangerous condition and the failure to maintain adequate lighting in the area of the fall were defects and conditions of the property that caused the fall.

9

The defects and conditions described immediately above existed long enough for Defendants to become aware of the defects and conditions or long enough that Defendant should have been aware of the defects and conditions. The type of wear and tear, erosion, and/or settlement of the concrete path is not the type of defect that occurs or becomes present without the passing of an extended period of time.

Mrs. Marshall has not yet identified any person or entity other than the named Defendants that caused or contributed to Mr. Marshall's fall or his injuries or Mrs. Marshall's injuries. Mrs. Marshall reserves the right to amend her Answer to Interrogatory No. 7 upon discovery of new information obtained through the discovery process.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**  Copies of any and all medical bills and medical records for the estate of Kenneth Marshall from the accident which forms the subject matter of this action.

**See medical records, bates stamped, attached hereto.**

**REQUEST NO. 2:**  Copies of any and all documents and items which the Plaintiff has to support each of the specific allegations of damages against these Defendants, including documentation of any alleged damages related to the estate of Kenneth Marshall, lost earnings, the destruction of his power to earn money in the future, and property damage.

**To the extent Request No. 2 is overly broad and unduly burdensome, it is objectionable. Without waiving any such objection, Mr. Marshall is not presently making claims of loss earning, the destruction of his power to earn money in the future, or property damage.**

**With regard to Mrs. Marshall's claims of negligence, pain and suffering, and loss of consortium, the jury will determine what amounts are warranted to compensate for those losses.**

**Medical records evidencing injuries and treatment of Mr. Marshall are bates stamped and attached hereto.**

**REQUEST NO. 3:**  A copy of any and all pictures, videos, plats, maps, diagrams or other documentation regarding the vehicles involved in the subject accident, the accident scene and/or anything else which in any way relates to the subject matter of this Plaintiff's claims herein and/or

which this Plaintiff intends to use for purposes of illustration or introduction into evidence at the trial of this action.

**No vehicles were involved in the subject accident. Pictures taken by Lynn King contemporaneously with the accident are provided herein. Mrs. Marshall has not yet identified what evidence she intends to use for purposes of illustration or introduction at the trial of this action.**

**REQUEST NO. 4:**   Copies of federal and state income tax returns for the last ten (10) years, for the estate of Kenneth Marshall.

**See attached release.**

**REQUEST NO. 5:**   Copies of all written or otherwise recorded statements which have been taken from any representatives, employees, and/or agents of Kenneth Marshall.

**See attached sworn statement of Lynn King.**

**REQUEST NO. 6:**   Copies of any and all written reports, medical evaluations and/or medical records for the estate of Kenneth Marshall related to the accident which is the subject matter of this action.

**See medical records, bates stamped, attached hereto.**

**REQUEST NO. 7:**   Copies of Plaintiff's Social Security Disability applications or other Social Security Disability documents or records, if any. Alternatively, please produce an executed authorization for same.

**Objection. Information relating to this Request is protected from disclosure pursuant to the Kentucky Rules of Civil Procedure and caselaw.**

**REQUEST NO. 8:** Copies of any and all documents and/or other items which the Plaintiff has to support each of the specific allegations against these Defendants set forth within the Plaintiffs' Complaint, including, but not limited to, the claim for loss of consortium.

**To the extent Request No. 8 is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence, it is objectionable.**

11

**Without waiving any such objection, medical records, bates stamped, are attached hereto. Upon for a more definite request, Mrs. Marshall will supplement her Answer to Request No. 8.**

      **REQUEST NO. 9:** Please produce a signed employment authorization.

      **See attached employment authorization.**

      **REQUEST NO. 10:** Copies of any reports and curriculum vitae from all individuals who the Plaintiff expects to call as an expert witness at the trial of this action.

      **No expert witness that Mrs. Marshall expects to call at the trial of this action has yet been identified.**

      **REQUEST NO. 11:** Copies of any and all material received from any agencies, state or local, who investigated the death of Kenneth Marshall. That includes, but is not limited to, a Coroner's Report, Autopsy Report, and/or other official records purporting to describe or explain the circumstances surrounding Kenneth Marshall's death.

      **Mrs. Marshall does not have knowledge or possession of investigative reports, if any, relating to the death of Mr. Marshall.**

      **REQUEST NO. 12:** Copies of any and all photographs of the accident scene prior to the accident and/or of the accident.

      **See Answer to Request No. 3.**

      **REQUEST NO. 13:** Copies of any and all witness statements.

      **See Answer to Request No. 5.**

      **REQUEST NO. 14:** Copies of any and all material received from any agencies, state or local, who investigated the accident in Fayette County.

      **See Answer to Request No. 11.**

      **REQUEST NO. 15:** Copies of any and all written reports, medical evaluations, and/or medical records for Kenneth Marshall for ten (10) years preceding the accident in this case.

**See Answers to Interrogatories 17 and 18, and medical records, bates stamped, attached hereto.**

<u>**REQUEST NO. 16**</u>: A copy of the death certificate of Kenneth Marshall.

**See attached death certificate.**

<u>**REQUEST NO. 17**</u>: Any and all records relating to a Social Security claim of Kenneth Marshall or involving the death of Kenneth Marshall. Alternatively, please produce an executed authorization for same.

**Objection. Information relating to this Request is protected from disclosure pursuant to the Kentucky Rules of Civil Procedure and caselaw.**

<u>**REQUEST NO. 18:**</u> An executed HIPAA authorization (see attached).

**See attached authorization.**

Respectfully submitted,

MCBRAYER, MCGINNIS, LESLIE
& KIRKLAND, PLLC
201 E. Main Street, Suite 900
Lexington, KY  40507
(859) 231-8780

LUKE MORGAN
DAVID J. GUARNIERI
TREVOR M. NICHOLS
ATTORNEYS FOR PLAINTIFFS

<u>VERIFICATION</u>

I, Jennifer Carol Marshall, having examined the Answers to the Interrogatories herein, affirm that the statements of fact contained in the Answers are true and accurate to the best of my knowledge and belief, this the ___21___ day of December, 2018.

Jennifer Carol Marshall

NOTARY PUBLIC                                   )
COMMONWEALTH OF KENTUCKY          )

Subscribed, sworn to, and acknowledged before me this the 21 day of December, 2018, by Jennifer Carol Marshall.

My Commission Expires:___10 - 11 - 22___.

NOTARY PUBLIC

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served via U.S. mail, postage pre-paid, this _10_ day of _January_ , 2018, upon the following:

Jane C. Higgins, Esq.
Sarah E. Noble, Esq.
Phillips, Parker, Orberson & Arnett, PLC
163 E. Main Street, Suite 130
Lexington, KY  40507

Gregg E. Thornton, Esq.
J. Tucker Willis, Esq.
Ward, Hocker & Thornton, PLLC
333 W. Vine Street, Suite 1100
Lexington, KY  40507

ATTORNEYS FOR PLAINTIFFS

02/06/2019 01:21:30 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
FOURTH DIVISION
CIVIL ACTION NO. 18-CI-03713

***Filed Electronically***

JENNIFER CAROL MARSHALL,                                    PLAINTIFFS
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL

v.                          **NOTICE OF SERVICE**

RMH FRANCHISE HOLDINGS, INC., et al.                        DEFENDANTS

\* \* \* \* \* \* \*

Comes the Plaintiff, Jennifer Carol Marshall, individually and as Executrix of the Estate of

Kenneth Marshall, by and through counsel, and hereby gives the Court and the parties notice of

the service of the following on January 18, 2019:

     1.    Plaintiff's First Set of Interrogatories and Requests for Production of Documents to

Defendant, Fayette Place Improvements, LLC; and

     2.    Plaintiff's First Set of Interrogatories and Requests for Production of Documents to

Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation.

Respectfully submitted,

MCBRAYER, MCGINNIS, LESLIE
& KIRKLAND, PLLC
201 E. Main Street, Suite 900
Lexington, KY 40507
(859) 231-8780

*/s/ Trevor M. Nichols*
LUKE MORGAN
DAVID J. GUARNIERI
TREVOR M. NICHOLS
ATTORNEYS FOR PLAINTIFFS

02/06/2019 01:21:30 PM
81357-1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading was filed electronically with the Fayette Circuit Court and copies were served via email and U.S. mail, postage pre-paid, on the 18th day of January, 2019, upon the following:

Jane C. Higgins, Esq.
Sarah E. Noble, Esq.
Phillips, Parker, Orberson & Arnett, PLC
163 E. Main Street, Suite 130
Lexington, KY 40507

Gregg E. Thornton, Esq.
J. Tucker Willis, Esq.
Ward, Hocker & Thornton, PLLC
333 W. Vine Street, Suite 1100
Lexington, KY 40507

*/s/ Trevor M. Nichols*
TREVOR M. NICHOLS

4822-1625-2806, v. 1

2

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION IV
CIVIL ACTION NO. 18-CI-03713
*Filed Electronically*

JENNIFER CAROL MARSHALL,
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL                                        PLAINTIFFS

V.                          **RE-NOTICE OF MOTION TO COMPEL**

RMH FRANCHISE HOLDINGS, INC.,
FAYETTE PLACE IMPROVEMENTS OWNER LLC,
RMH FRANCHISE CORPORATION                                             DEFENDANTS

***********

Comes the Defendant, Fayette Place Improvements, LLC, by and through counsel, and

hereby gives notice that its Motion to Compel, originally noticed to be heard February 8, 2019, at

11:30 a.m., will now come on for hearing on **February 15, 2019, at 11:30 a.m.,** or as soon

thereafter as counsel may be heard.

Respectfully Submitted,

**PHILLIPS, PARKER, ORBERSON
& ARNETT, P.L.C.**
163 East Main Street, Suite 130
Lexington, Kentucky 40507
Telephone: (859) 559-4457
Facsimile:  (859) 425-4099

BY: */s/Sarah E. Noble*
   JANE C. HIGGINS
   SARAH E. NOBLE

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of February, 2019, I electronically filed the foregoing with the clerk of the court by using the eFiling system.  I further certify that I mailed the foregoing document by first class mail to all non-eFiling participants

David J. Guarnieri
Luke Morgan
Trevor M. Nichols
McBRAYER, McGINNIS, LESLIE & KIRLKLAND PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
dguarnieri@mmlk.com
lmorgan@mmlk.com
tnichols@mmlk.com
dpritchard@mmlk.com
*Counsel for the Plaintiff*

Gregg Thornton
J. Tucker Willis
WARD, HOCKER & THORNTON, PLLC
Vine Center
333 West Vine Street, Suite 1100
Lexington, Kentucky 40507
Tucker.willis@whtlaw.com
*Counsel for RMH Franchise Holdings, Inc. & RMH Franchise Corp.*

*Original to:*

Fayette Circuit Clerk
120 N. Limestone Street
Lexington, Kentucky 40507

/s/ Sarah E. Noble _____
JANE C. HIGGINS
SARAH E. NOBLE

02/06/2019 01:21:46 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION IV
CIVIL ACTION NO. 18-CI-03713
*Filed Electronically*

JENNIFER CAROL MARSHALL,
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL                                    PLAINTIFFS

V.                              **MOTION TO COMPEL**

RMH FRANCHISE HOLDINGS, INC.,
FAYETTE PLACE IMPROVEMENTS OWNER LLC,
RMH FRANCHISE CORPORATION                                         DEFENDANTS

                              ***********

    Come the Defendant, Fayette Place Improvements, LLC, by counsel, and for its Motion to

Compel Plaintiff to provide a signed authorization allowing it to obtain records concerning

Plaintiff, Kenneth Marshall, from the Social Security Administration, hereby states as follows:

    In its Interrogatories and Requests for Production of Documents propounded upon

Plaintiff. Jennifer Carol Marshall, Individually and as Executrix of the Estate of Kenneth Marshall,

Defendant requested that a release be provided whereby it could obtain records from the Social

Security Administration concerning Kenneth Marshall.  The basis for this request is the fact that

Plaintiff has put the medical condition of Mr. Marshall at issue by filing the subject lawsuit and

claiming that the injuries Mr. Marshall allegedly sustained in a fall outside Applebee's restaurant

on October 21, 2017, in Lexington, Kentucky, led to his death.  Information contained within Mr.

Marshall's Social Security records is relevant to the discovery of information concerning any other

medical conditions that may have impacted his course of treatment and/or death, as well as other

possible causes for his fall.

    Prior to providing responses to the Defendant's written discovery requests, counsel for

Plaintiff contacted the undersigned and inquired as to whether counsel would be willing to limit

02/06/2019 01:21:46 PM
81357-1

the scope of the information requested from the Social Security Administration.   This

communication from Plaintiff's counsel demonstrates that records regarding applications for

benefits, the award of benefits, and additional information relating to Mr. Marshall are in existence.

However, given the nature of Plaintiff's claims as personal injury negligence claims, undersigned

counsel was unable to acquiesce to the request for a limitation to be placed upon the information

requested from the Administration.   Plaintiff subsequently provided the following response to

Defendant's Request for Production of Documents:

> REQUEST NO. 17: Please produce a signed copy of the attached Social Security Records
> Release.   PLEASE NOTE THAT THE SOCIAL SECURITY ADMINISTRATION
> REQUIRES THAT THE ORIGINAL BE TENDERED.   PLEASE RETURN THE
> ORIGINAL.

> ANSWER:   Objection.  Information relating to this Request is protected from disclosure
> pursuant to the Kentucky Rules of Civil Procedure and caselaw.

Plaintiff fails to cite to any of the case law alleged to protect the disclosure of this

information.   Due to Plaintiff's claims that the alleged fall sustained by Mr. Marshall on the

premises of the Applebee's Restaurant caused him to suffer injury that some months later led to

his death, his physical condition is clearly relevant to the matter before the Court.   Particularly in

light of the extensive length of time that passed between Mr. Marshall's fall and his death and the

lack of a clear causal connection between the injuries suffered on October 21, 2017, and his death,

his complete physical condition is pertinent to the claims brought against the Defendants.

Additionally, records kept by the Social Security Administration may also shed light on other

possible causes for Plaintiff's fall, including medical conditions that pre-existed the incident.

As such, Defendant should be provided the opportunity to evaluate any and all pre-existing

conditions or injuries or any unrelated medical issues that may have occurred concurrent to Mr.

Marshall's treatment for the injuries it is claimed he sustained in his fall.   For this reason, any

records relating to a claim or application for Social Security disability benefits, benefits awarded therefrom, and additional information contained within Mr. Marshall's file are clearly relevant and Plaintiff should be compelled to provide a release allowing for the disclosure of this information.

Kentucky Courts have firmly established that, when a Plaintiff's action claims personal injury, "[h]is physical condition, obviously, [is] material to the defense of [the Defendant]."[1]  In such cases, evidence of a Plaintiff's prior medical condition is "competent, proper, and material to defendants."[2]  Further, in cases, such as the present one, in which the Plaintiff is claiming damages for pain and suffering, Kentucky case law establishes that "a recovery may be had for all pain and suffering endured *as a direct or proximate result of the injury*" claimed.[3]  It is clear that awards for pain and suffering should be made only for pain and difficulties that accompany the injury claimed, and not those problems that are caused by unrelated conditions.[4]  In order to determine the extent to which Mr. Marshall may have experienced pain and suffering related to his claimed injury sustained in the fall, it is necessary determine the pain and limitations he experienced as a result of other unrelated conditions.  Any and all information contained within Mr. Marshall's Social Security Administration file that speaks to unrelated medical conditions and other causes of pain, discomfort, or even his death, is directly relevant to his claims for pain and suffering damages, and should be disclosed to Defendant.  Therefore, Plaintiff should be compelled to provide a signed authorization allowing for the disclosure of information pertaining to Kenneth Marshall from the Social Security Administration.

As was mentioned previously herein, Plaintiff's counsel's request that the scope of the information requested from the Social Security Administration be narrowed in some way is an

---

[1] Christoff v. Downing, 390 S.W.2d 153, 154 (Ky. 1965).
[2] Id.
[3] Howard v. Henderson Traction Co., 121 S.W. 954 (Ky. 1909).
[4] McVey v. Berman, 836 S.W.2d 445, 449 (Ky. App. 1992).

02/06/2019 01:21:46 PM
81357-1

indication that these records exist. Therefore, any assertion that the Defendant's request for these records is a "fishing expedition" or is otherwise unfounded is clearly erroneous.

WHEREFORE, for the foregoing reasons, Defendant, Fayette Place Improvements, respectfully requests that this Court enter an order compelling Plaintiff to provide a signed Social Security Administration release to Defendant.

Respectfully Submitted,

**PHILLIPS, PARKER, ORBERSON & ARNETT, P.L.C.**
163 East Main Street, Suite 130
Lexington, Kentucky 40507
Telephone: (859) 559-4457
Facsimile: (859) 425-4099

BY: /s/Sarah E. Noble _____
JANE C. HIGGINS
SARAH E. NOBLE

## NOTICE

Please take notice that the foregoing Motion will come on for hearing before the Fayette Circuit Court, Fourth Division, on Friday, February 8, 2019, at the hour of 11:30 a.m., or as soon thereafter as counsel may be heard.

02/06/2019 01:21:46 PM
81357-1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of January, 2019, I electronically filed the foregoing with the clerk of the court by using the eFiling system.  I further certify that I mailed the foregoing document by first class mail to all non-eFiling participants

David J. Guarnieri
Luke Morgan
Trevor M. Nichols
McBRAYER, McGINNIS, LESLIE & KIRLKLAND PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
dguarnieri@mmlk.com
lmorgan@mmlk.com
tnichols@mmlk.com
dpritchard@mmlk.com
*Counsel for the Plaintiff*

Gregg Thornton
J. Tucker Willis
WARD, HOCKER & THORNTON, PLLC
Vine Center
333 West Vine Street, Suite 1100
Lexington, Kentucky 40507
Tucker.willis@whtlaw.com
*Counsel for RMH Franchise Holdings, Inc. & RMH Franchise Corp.*

*Original to:*

Fayette Circuit Clerk
120 N. Limestone Street
Lexington, Kentucky 40507

/s/ Sarah E. Noble _____
JANE C. HIGGINS
SARAH E. NOBLE

02/06/2019 01:22:29 PM
81357-1

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION IV
CIVIL ACTION NO. 18-CI-03713

JENNIFER CAROL MARSHALL,
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL                                    PLAINTIFFS

VS.        **<u>NOTICE OF JOINING IN MOTION TO COMPEL</u>**

RMH FRANCHISE HOLDINGS, INC.

AND

RMH FRANCHISE CORPORATION

AND

FAYETTE PLACE IMPROVEMENTS OWNER, LLC                        DEFENDANTS

***** ***** *****

Come the Defendants, RMH Franchise Holdings, Inc. and RMH Franchise Corporation (collectively "RMH"), by and through counsel, and hereby join in Defendant Fayette Place Improvement Owner, LLC's ("Fayette Place") Motion to Compel.

As Fayette Place has fully briefed the issues related to this Motion, Defendants RMH will not reiterate the entirety of same. Defendants RMH reiterate, adopt, and incorporate the arguments made by Fayette Place. Defendants RMH, through discovery requests, similarly requested production of Mr. Marshall's social security records or an executed authorization to obtain same, which Plaintiffs refused to provide.

**REQUEST NO. 17:** Any and all records relating to a Social Security claim of Kenneth Marshall or involving the death of Kenneth Marshall. Alternatively, please produce an executed authorization for same.

**Objection. Information relating to this Request is protected from disclosure pursuant to the Kentucky Rules of Civil Procedure and case law.**

1

02/06/2019 01:22:29 PM
81357-1

Wherefore, Defendants RMH join in asking this Court that this Motion be granted and that this Court enter an order compelling Plaintiffs to provide a signed Social Security Administration release to RMH.

Respectfully Submitted,

WARD, HOCKER & THORNTON, PLLC
333 West Vine Street, Suite 1100
Lexington, Kentucky 40507
(859) 422-6000

BY:    /s/ J. Tucker Willis
       GREGG E. THORNTON
       J. TUCKER WILLIS
       *Counsel for Defendants RMH Franchise Holdings, Inc. and RMH Franchise Corporation*

02/06/2019 01:22:29 PM
81357-1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served to the following

parties and counsel of record:

Luke Morgan
David J. Guarnieri
Trevor M. Nichols
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 E. Main St., Suite 900
Lexington, KY 40507
*Counsel for Plaintiffs*

Jane C. Higgins
Sarah E. Noble
Phillips, Parker, Orberson & Arnett, P.L.C.
163 East Main Street, Suite 130
Lexington, KY 40507
*Counsel for Defendant, Fayette Place
Improvements Owners, LLC*

This the 4th day of February, 2019.

By:     */s/ J. Tucker Willis*
          GREGG E. THORNTON
          TUCKER WILLIS
          *Counsel for Defendants RMH Franchise Holdings, Inc.
          and RMH Franchise Corporation*

CL6762

3

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
FOURTH DIVISION
CIVIL ACTION NO. 18-CI-03713
*Filed Electronically*

JENNIFER CAROL MARSHALL,
INDIVIDUALLY AND AS EXECUTRIX OF
THE ESTATE OF KENNETH MARSHALL                          PLAINTIFFS

v.

## RESPONSE TO MOTION TO COMPEL

RMH FRANCHISE HOLDINGS, INC.,
FAYETTE PLACE IMPROVEMENTS OWNER LLC,
RMH FRANCHISE CORPORATION                               DEFENDANTS

***********

Comes the Plaintiff, Jennifer Carol Marshall, Individually, and as Executrix of the Estate

of Kenneth Marshall ("Plaintiff"), by counsel, and for her Response to Defendant's, Fayette Place

Improvements Owner LLC ("Defendant") Motion to Compel, hereby states that:

1.  Defendant's present motion is without merit;

2.  Plaintiff's counsel has offered a fair resolution to the Defendant's request; and;

3.  Defendant's motion fails to comply with state and local rules.

### Defendant's Motion is Meritless

The Defendant premises its request for Mr. Marshall's Social Security Administration

records upon "the fact that Plaintiff has put the medical condition of Mr. Marshall at issue by filing

the subject lawsuit and claiming that the injuries Mr. Marshall allegedly sustained in a fall outside

Applebee's restaurant on October 21, 2017, in Lexington, Kentucky, led to his death." *Defendant's*

*Motion*, p. 1. This argument is analogous to that presented in *Peters v. Wooten*, 297 S.W.3d 55

(Ky. App. 2009), wherein Peters (the plaintiff) was involved in an automobile wreck with

02/06/2019 01:22:46 PM
81357-1

Wooten's (the defendant) vehicle which caused Peters' head to strike a window, he filed suit against Wooten claiming personal injuries, pain and suffering. During discovery, Wooten "moved the court to compel Peters to sign an authorization allowing the release of any records relating to [Peters' application for social security benefits], claiming a right to examine the records because Peters put his physical condition into controversy and these records were material to the personal injury action." *Id.* at 58. Peters objected to the disclosure of such information, arguing "he did not waive his privacy rights by filing his complaint," and "the information regarding the application for benefits was beyond the scope of CR 26.02, as Wooten had already obtained medical records regarding his injuries." *Id.* (In the present action, Mrs. Marshall has also executed a release for Mr. Marshall's health records.) The trial court "ordered Peters to execute an authorization form so his counsel could obtain Peters' application and records from the Social Security Administration." *Id.*

Among other issues on appeal in *Peters* was whether the circuit court erred in ordering Peters to execute a release allowing Wooten access to his application and medical records from the Social Security Administration as opposed to relying on the executed health records release. The Court of Appeals' ruling is directly on point that it was an error for the trial court to require the plaintiff to execute a release of Social Security Administration records stating:

> Pursuant to *Metropolitan Property & Cas. Ins. Co. v. Overstreet*, 103 S.W.3d 31 (Ky. 2003) and *Geary v. Schroering*, 979 S.W.2d 134, 45 13 Ky. L. Summary 16 (Ky. App. 1998), we agree with Peters that this was error by the circuit court. *Geary* holds that "[u]nless the parties otherwise agree, our Civil Rules provide the means by which [one party] can obtain [another party's] medical information." 979 S.W.2d at 136. Like *Geary*, the order at issue here could be considered as an improper *ex parte* subpoena. Consequently, it was error for the trial court to order the production of information related to Peters's social security disability application in the manner it did.

*Id.*, at 60-61.

The ruling in *Peters* is spot-on to the claim raised by the Defendant in the present action, who also is claiming a right to the Plaintiff's Social Security Administration records under a theory that the Plaintiff has filed a lawsuit and alleges injuries. Just as in *Peters*, the Plaintiff has executed an Authorization to Release Protected Health Care Information, which as noted in *Peters*, makes Mr. Marshall's relevant healthcare information available to Defendant.

Despite Defendant's claim of right to such records and its request of this Court to compel Plaintiff to provide a signed authorization allowing for the disclosure of Mr. Marshall's Social Security Administration information should be denied. As provided in *Peters*, *supra*, this Court does not have the authority to compel Plaintiff to sign Defendant's release to obtain records from a nonparty, the Social Security Administration.

### Counsels' Single Discussion

Mrs. Marshall, the executrix of Mr. Marshall's estate, has already provided the Defendant with a release for Mr. Marshall's protected health information so the underlying purpose claimed by the Defendant for this motion was satisfied weeks ago. That release was provided in good faith, and Plaintiff's counsel's subsequent communication with Defense counsel was similarly made in good faith.

Plaintiff's counsel contacted defense counsel to ask for a more definite request about which box the Defendant wanted checked on the "Consent for Release of Information." A blank copy of this consent form is attached hereto as Exhibit 1, and it shows the basis for the Plaintiffs question to the defense, in that this form has eight (8) items relating to information that may be provided by the Social Security Administration, *viz.*: (1) Verification of Social Security Number; (2) Current monthly Social Security Benefits; (3) Current monthly Supplemental Security Income payment amounts; (4) benefit or payment amounts, (no timeframe designated); (5) Medicare entitlement

3

02/06/2019 01:22:46 PM
81357-1

(no timeframe designated); (6) medical records from the claims folder (no timeframe designated); (7) Complete medical records from the claims folder(s); and (8) other record(s) from the file.

The Consent for Release of Information provides that the Social Security Administration "will not honor a request for 'any and all records' or 'the entire file'. You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations." Pursuant to the internal requests within the social security release form, Plaintiff's counsel called the defense, and during this single telephone conversation, the Defendant stated it wanted all the information it could obtain and if that was not agreeable, then it would file the present motion.

As it currently stands, the Plaintiff has provided a release for all medical records relevant to the claims in the action, and no compelling need has been expressed by the Defendant to obtain Mr. Marshall's social security information.

### Procedural Deficiencies

RFCC 15 deals with motions in civil cases, and RFCC 15(A)(4) deals specifically with Defendant's present motion, stating:

> [a] motion to compel discovery … may be filed pursuant to CR 26 and/or CR 37 only if counsel are unable to resolve between themselves the discovery dispute. Counsel has the duty to make a good faith effort to resolve any disputes which arise in the course of discovery. The moving party shall attach to the motion a certification of counsel that he or she has attempted to resolve the dispute and that they have been unable to do so. The certification should detail the attempts of counsel to resolve the dispute.

There has been no attempt by the Defendant to resolve its complaint about the social security information other than the single phone call which was initiated by Plaintiff's counsel. Defendant is the moving party herein and has failed to attach a certification of its attempts to resolve the issue it has with the Plaintiff, and has failed to detail the attempts of counsel to resolve the dispute.

4

02/06/2019 01:22:46 PM
81357-1

RFCC 15 requires the Defendant to "make a good faith effort to resolve any disputes which arise in the course of discovery." Defendant has failed to do so. CR 37.01 similarly speaks to a motion for order compelling discovery. Subsection (d)(ii) of this Rule allows for an award of expenses for such a motion and provides as follows:

> [i]f the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that circumstances make an award of expenses unjust.

As such, in addition to denying the Defendant's present motion, the Plaintiff seeks fees and costs incurred herein.

<h3 align="center">Conclusion</h3>

Pursuant to *Peters v. Wooten*, *supra*, Defendant's Motion to Compel Plaintiff to provide an authorization to release social security information must be denied, as Defendant's request falls outside the scope of the Civil Rules. Pursuant to Kentucky Rule of Civil Procedure 37.01, Plaintiff should be awarded fees and costs incurred in response to Defendant's Motion, as Plaintiff has made efforts to resolve this dispute in good faith prior to the filing of Defendant's Motion.

WHEREFORE, for the foregoing reasons, Plaintiff, Jennifer Carol Marshall, Individually and as Executrix of the Estate of Kenneth Marshall, respectfully requests that Defendant's, Fayette Place Improvements, Motion to Compel be denied and fees and costs incurred herein be awarded to Plaintiff.

02/06/2019 01:22:46 PM
81357-1

Respectfully submitted,

MCBRAYER, MCGINNIS, LESLIE
& KIRKLAND, PLLC
201 E. Main Street, Suite 900
Lexington, KY  40507
(859) 231-8780

s/Trevor M. Nichols
LUKE MORGAN
DAVID J. GUARNIERI
TREVOR M. NICHOLS
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading was filed electronically with the Fayette Circuit Court and copies were served via email and U.S. mail, postage pre-paid, on February 5, 2019, upon the following:

Jane C. Higgins, Esq.
Sarah E. Noble, Esq.
Phillips, Parker, Orberson & Arnett, PLC
163 E. Main Street, Suite 130
Lexington, KY  40507

Gregg E. Thornton, Esq.
J. Tucker Willis, Esq.
Ward, Hocker & Thornton, PLLC
333 W. Vine Street, Suite 1100
Lexington, KY  40507

4824-7896-8198, v. 2

6

Filed          18-CI-03713     02/05/2019          Vincent Riggs, Fayette Circuit Clerk          NOT ORIGINAL DOCUMENT
02/06/2019 01:22:46 PM
81357-1

# EXHIBIT 1

Filed                   02/09/2019                                          02/06/2019 01:22:46 PM

Social Security Administration                                             81357-1        Form Approved
**Consent for Release of Information**                                                    OMB No. **0960-0566**

You must complete all required fields. We will not honor your request unless all required fields are completed. (*Signifies a required field. **Please complete these fields in case we need to contact you about the consent form).

**TO: Social Security Administration**

| *My Full Name | *My Date of Birth (MM/DD/YYYY) | *My Social Security Number |
|---|---|---|

I authorize the Social Security Administration to release information or records about me to:

| *NAME OF PERSON OR ORGANIZATION: | *ADDRESS OF PERSON OR ORGANIZATION: |
|---|---|

**\*I want this information released because:** _____

We may charge a fee to release information for non-program purposes.

**\*Please release the following information selected from the list below:**
**Check at least one box. We will not disclose records unless you include date ranges where applicable.**

1. ☐ Verification of Social Security Number
2. ☐ Current monthly Social Security benefit amount
3. ☐ Current monthly Supplemental Security Income payment amount
4. ☐ My benefit or payment amounts from date _____ to date _____
5. ☐ My Medicare entitlement from date _____ to date _____
6. ☐ Medical records from my claims folder(s) from date_____ to date_____
   If you want us to release a minor child's medical records, do not use this form. Instead, contact your local Social Security office.
7. ☐ Complete medical records from my claims folder(s)
8. ☐ Other record(s) from my file (We will not honor a request for "any and all records" or "the entire file." You must specify other records; e.g., consultative exams, award/denial notices, benefit applications, appeals, questionnaires, doctor reports, determinations.)

I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004) that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.

**\*Signature:** _____    **\*Date:** _____

**\*\*Address:** _____    **\*\*Daytime Phone:** _____

**Relationship (if not the subject of the record):** _____    **\*\*Daytime Phone:** _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1.Signature of witness | 2.Signature of witness |
|---|---|
| Address(Number and street,City,State, and Zip Code) | Address(Number and street,City,State, and Zip Code) |

**Form SSA-3288** (11-2016) uf