UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JENNIFER CAROL MARSHALL, individually and as EXECUTRIX of the estate of KENNETH MARSHALL, | ) ) ) ) ) Case No. 5:19-cv-039-JMH |
| Plaintiff, | ) ) **MEMORANDUM OPINION** ) **AND ORDER** |
| v. | ) ) |
| RMH FRANCHISE HOLDINGS, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

\*\*\*

Time is not always on the side of parties in litigation. Instead, time is often of the essence and parties who sit on their rights often do so at their own peril.

Here, the Defendants removed this action to federal court over three months after the complaint was filed in state court even though it was clear from the complaint that the amount in controversy exceeded $75,000. Additionally, Defendants' actions in state court constituted a constructive waiver of removal to federal court. As a result, Plaintiff's motion to remand [DE 11] is **GRANTED** and this action is **REMANDED** to the Fayette Circuit Court.

### I. Factual and Procedural Background

Plaintiff Jennifer Carol Marshall's husband was seriously injured as a result of a fall outside of an Applebee's restaurant.

1

[DE 1-1 at 3-4, Pg ID 7-8]. Plaintiff claims that Defendants RMH Franchise Holdings, Inc., Fayette Place Improvements Owner, LLC, and RMH Franchise Corporation either owned, operated, or managed the premises where the Applebee's was located. [*Id.* at 2, Pg ID 6].

After the Plaintiff was granted modified relief from the automatic stay afforded by the bankruptcy filing of RMH Franchise Holdings, Inc., and RMH Franchise Corporation, Plaintiff filed an action in Fayette Circuit Court on October 19, 2018. [*Id.*]. Plaintiff's complaint alleged counts of negligence, loss of consortium, and punitive damages arising from the injuries that Mr. Marshall allegedly incurred as a result of his fall at Applebee's. [*Id.*].

The Defendants answered the complaint. Additionally, Defendant Fayette Place Improvements Owner, LLC, filed a crossclaim against RMH Franchise Holdings, Inc., and RMH Franchise Holdings Corporation for indemnification. [*Id.* at 31, Pg ID 35].

Then, in January 2019, Defendants propounded interrogatories and requests for production on the Plaintiff. In response to one of those interrogatories, Plaintiff claimed that she was seeking over 2.5 million dollars in total damages. [*Id.* at 76, Pg ID 80].

After Plaintiff filed her responses to Defendants' interrogatory requests, Fayette Place filed a motion to compel discovery in state court on January 30, 2019. [*Id.* at 121-25, Pg

ID 125-29]. The motion to compel was joined by Defendants RMH Franchise Holdings and RMH Franchise Corporation. [*Id.* at 126-28; Pg ID 130-32].

Then, before the state court had occasion to resolve the pending motion to compel, Defendants filed a joint notice of removal in this Court on February 7, 2019. [DE 1]. Plaintiff moved to remand this action to state court, claiming that Defendants had knowledge that the amount in controversy for removal to federal court was met when the state court complaint was filed and that, in any event, Defendants waived removal to federal court. The motion to remand has been fully briefed and is ripe for review.

## II. Analysis

Generally, defendants may remove cases from state to federal court under 28 U.S.C. § 1441 based on diversity of citizenship jurisdiction so long as the amount in controversy exceeds $75,000 and all the named parties are citizens of different states. 28 U.S.C. § 1332(a). Still, this right is not absolute.

First, the removal must be made within the time limits outlined in 28 U.S.C. § 1446. Generally, removal must be made within thirty days of the defendant receiving the initial pleading setting forth the claim for relief.

Second, the right to remove a case to federal court may be waived. Waiver may occur expressly or constructively, but waiver

3

must be "clear and unequivocal." *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016).

Plaintiff argues that this case must be remanded to state court because the Defendants removal was untimely. Additionally, Plaintiff also contends that Defendants waived removal by litigating in the matter in state court.

The Defendants deny untimely removal on the basis that the state court complaint did not contain an express statement of the amount of damages sought. Additionally, the Defendants contest Plaintiff's assertion that their actions in state court constitute waiver of the right to remove to federal court.

These arguments are considered below.

**A. Untimely Removal**

The thirty-day period for timely removal begins "running from the date a defendant has solid and unambiguous information that the case is removable." *Walker v. Phillip Morris USA, Inc.*, 443 Fed. Appx. 946, 950, 2011 WL 5119441 (6th Cir. October 31, 2011) (unpublished table decision).

Here, the Defendants claim that they did not receive solid and unambiguous information that the amount in controversy requirement for removal to federal court was met until they received Plaintiff's responses to interrogatories in January 2019. The Defendants are correct that, when this action was filed in state court on October 19, 2018, the state court complaint did not

expressly state the amount of damages sought. In fact, that complaint simply stated that Plaintiff was seeking an unspecified amount of "compensatory damages . . . punitive damages . . . [and] costs included herein, including reasonable attorneys' fees." [DE 1-1 at 7, Pg ID 11].

Still, Kentucky Rule of Civil Procedure 8.01(2) prevents Plaintiffs in any action for unliquidated damages from "recit[ing] any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court." As such, the Kentucky civil rules prevented the Plaintiff from expressly stating the amount of unliquidated damages that were sought in this action.

But here, contrary to Defendants' assertions to the contrary, there is evidence in the state court record that provides solid and unambiguous information that the amount in controversy requirement was met when the state court complaint was filed. The Stipulation to Modify the Automatic Stay was attached as an exhibit to Plaintiff's state court complaint. That document, which was filed in the United States Bankruptcy Court for the District of Delaware, states that movant's proof of claims asserted "a contingent unliquidated claim against each Debtor in excess of $1,000,000 on account of the Claims." [DE 1-1 at 13, Pg ID 17]. Based on civil rules in both state and federal court, the exhibit

5

to the state court complaint was incorporated as part of the complaint.

As a result, Defendants RMH Franchise Holdings and RMH Franchise Corporation were on notice on the date that the state court complaint was filed that Plaintiff was seeking unliquidated damages in excess of $1,000,000 against them.

Defendant Fayette Place Improvements claims that the stipulation to modify the bankruptcy stay did not put them on notice of the amount of damages that Plaintiff sought against them because Fayette Place was not a party to the bankruptcy proceedings. True. But that argument is negated by the fact that Plaintiff's state court complaint seeks damages against all Defendants "jointly and severally." Thus, the fact that Fayette Place was not a party to the bankruptcy proceeding is of no moment. If Plaintiff is seeking an unliquidated damage award in excess of 1 million dollars against RMH Franchise Holdings and RMH Franchise Corporation, and Plaintiff claims that all Defendants are jointly and severally liable for the damages, then Plaintiff is clearly seeking an amount of damages in excess of 1 million dollars against all Defendants in this action, including Fayette Place.

Moreover, even if the stipulation attached to the state court complaint did not provide Defendants with solid and unambiguous information that the amount if controversy exceeded $75,000, the

6

Defendants should have known that the amount in controversy was met.

In this action, the Plaintiff alleges that the Defendants are liable for serious injuries that she and her husband suffered as a result of an accident that occurred on premises either owned, operated, or managed by the Defendants. The complaint alleges that Mr. Marshall "incurred substantial bodily injuries requiring hospitalization, resulting in substantial pain and suffering, almost complete loss of enjoyment of life and which resulted in significant medical expenses." [DE 1-1 at 4, Pg ID 8]. Furthermore, the complaint alleges that "Mr. Marshall was unable to fully recover from his injuries suffered on the Premises on October 21, 2017, and he died on July 4, 2018." [*Id.*]. Finally, the complaint seeks compensatory damages "for medical expenses . . . a sum for pain and suffering endured by Mr. Marshall as a result of his severe and permanent bodily injuries, a sum for loss of enjoyment of life," and damages for loss of consortium, attorneys' fees, and punitive damages. [*Id.* at 7, Pg ID 11]. As a result, it is unfathomable that the Plaintiff would be seeking less than $75,000 in damages in this action.

Ultimately, "[f]ederal courts have not interpreted state procedural rules such as this to excuse defendants of their removal duties, but have instead applied the enduring rule that, 'when faced with a complaint effectively silent as to

7

damages, the defendant should make independent inquiry as to the extent of damages or run the risk of remand when the plaintiff . . . provides that information.'" *Adams v. Bellsouth Telecomms., LLC*, No. 12-cv-060-GFVT, 2013 WL 97733, at *3 (E.D. Ky. Jan. 8, 2013) (quoting *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky 1990)).

Here, the Defendants had an obligation to inquire about the amount of damages being sought by the Plaintiff as soon as they were on notice that the amount in controversy likely exceeded $75,000. Based on the information alleged in the state court complaint, any reasonable attorney would have suspected that the amount of damages sought in this action exceeded $75,000 when the action was filed in October 2018. Instead the Defendants here waited until January 2019 to inquire about the amount of damages sought by the Plaintiff and that request was part of a larger request for discovery.

In sum, the state court complaint contained solid and unambiguous information that put the Defendants on notice that Plaintiff was seeking damages that exceeded $75,000. Thus, Defendants had an obligation to remove the case to federal court within thirty days. Instead, Defendants waited over three months to remove the action to federal court. As a result, the removal to federal court in this action was untimely and the case must be remanded back to the Fayette Circuit Court.

### B. Wavier

Notwithstanding the untimely removal in this action, the actions of the Defendants in state court also constitute constructive wavier of the right to remove. "[A] defendant may constructively waive the right to remove by taking substantial action in state court that manifests a willingness to litigate on the merits." *Robertson*, 831 F.3d at 761.

Here, the Defendants took substantial steps in the state court action that indicate a willingness to litigate the action on the merits in state court.

For instance, Defendant Fayette Place Improvements filed a crossclaim against the other Defendants in this action. This affirmative action indicates that Fayette Place was willing to litigate this case on the merits in state court.

Additionally, all Defendants engaged in some discovery in state court by propounding interrogatories and requests for production on the Plaintiff. Moreover, the Defendants filed a joint motion to compel discovery in state court before removing.

Taken together, Defendants' actions clearly indicate that they were willing to submit to the jurisdiction of the state court and litigate the claims on the merits in a state forum. Federal diversity jurisdiction exists so that out-of-state defendants do not have to defend claims in state court against a resident plaintiff. The federal removal statute does not allow defendants,

9

however, to initially try their case in state court and then remove the case to federal court when the federal court is a more convenient forum.

In sum, Defendants' actions in state court indicate constructive waiver of the right to remove the case to federal court.

### III. Conclusion

In the present action, Defendants' removal is untimely because there was solid and unambiguous information in the state court complaint that the Plaintiff was seeking an amount of damages in excess of $75,000. Additionally, Defendants' actions in state court also constitute constructive waiver of the right to remove this action to federal court. Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff's motion to remand [DE 11] is **GRANTED**; and

(2) This action is **REMANDED** in its entirety to the Fayette Circuit Court.

This the 16th day of August, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge